**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Earnest VELARDE, Defendant-Appellant.**

No. 75–2325.

United States Court of Appeals, Ninth Circuit.

Dec. 24, 1975.

Certiorari Denied April 5, 1976. See 96 S.Ct. 1513.

---

D. Ivan Dirkes (argued), San Diego, Cal., for defendant-appellant.

James Meyers, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

## OPINION

Before HUFSTEDLER and WALLACE, Circuit Judges, and PALMIERI,* District Judge

PER CURIAM:

■ This is an appeal from a conviction for the assault of Enrique Camarena, a Special Agent of the Drug Enforcement Administration, in violation of 18 U.S.C. § 111.[1] Both Camarena and

---

* Honorable Edmund L. Palmieri, United States District Judge, Southern District of New York, sitting by designation.

1. "§ 111. Assaulting, resisting, or impeding certain officers or employees.

"Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

"Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

Among the persons designated in section 1114 of 18 U.S.C. is "any officer or employee . . . of the Bureau of Narcotics and Dangerous Drugs."

the appellant were guests at a wedding reception at the Calexico Community Center in Calexico, California, on November 9, 1974, when the assault occurred. The jurors could have fairly concluded beyond a reasonable doubt that the appellant, after having identified Camarena as a narcotics agent in derogatory terms, incited and participated in a brutal assault in which a number of assailants took part.

■ The appellant, emphasizing that the agent was off duty at the time of the assault, would have us read into the statute a requirement that the protection of the statute is extended only to the statutorily designated officer and only when he is involved in the performance of his official duties. The appellant also urges that since we are dealing here with an off-duty officer the statute requires proof of the defendant's awareness of the agent's official identity. These arguments are unpersuasive. The evidence before the jury was quite sufficient to justify the conclusion that Camarena was singled out for the treatment he received because he was an agent of the Drug Enforcement Administration. Additionally the statute does not require knowledge on the part of the assailant that the intended victim is a federal officer, *United States v. Feola,* 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975). Nor does it require that the federal officer, in this case a drug enforcement agent, be actually engaged in the performance of his duties relating to violations of the federal narcotics laws. "[W]e now know from *Feola* that § 111 has the objective of protecting federal law enforcement officers and not merely . . . federal law enforcement." *United States v. Reid,* 517 F.2d 953, 964 (2d Cir. 1975).

■ The appellant also complains with respect to the admission into evidence of a statement made by him at the time of arrest, testified to by the arresting officer and denied by the appellant in his testimony, to the effect that police officers in the city were all going to get the same treatment that he and his associates had given Camarena and that the arresting officer was next on the list. This statement was clearly admissible as an admission and as evidence of appellant's assaultive intent, *United States v. Pistante,* 453 F.2d 412 (9th Cir. 1971); *United States v. Nakaladski,* 481 F.2d 289, 301 (5th Cir.), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 570, 38 L.Ed.2d 469 (1973); *United States v. Pichany,* 490 F.2d 1073, 1076 (7th Cir. 1973); Rules 801(d)(2)(A) and 803(2), Federal Rules of Evidence. Indeed the appellant was treated more favorably than he deserved when the trial court excluded evidence that he kicked the arresting officer when making this statement. See 1 Wigmore on Evidence § 216 (3d Ed. 1940); Rule 404(b), Federal Rules of Evidence. Appellant objects that the corroboration of his admission, required by *Opper v. United States,* 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954), was lacking. The degree of corroboration that *Opper* requires is only that which "supports the essential facts admitted sufficiently to justify a jury inference of their truth." 348 U.S. at 93, 75 S.Ct. at 164. The fact admitted was that Velarde participated in the attack on Agent Camarena. The independent evidence of that fact was more than sufficient for *Opper* purposes. See *United States v. Pitman,* 475 F.2d 1335 (9th Cir.), *cert. denied,* 414 U.S. 873, 94 S.Ct. 146, 38 L.Ed.2d 92 (1973).

■ Lastly, the appellant has mounted a vehement attack upon the conduct of the prosecutor. Appellant's counsel not only failed to make any objections or motions with respect to the claimed acts of misconduct but he admitted upon the argument of this appeal that this tactic was followed purposely with a view to demonstrating to this court that on the record as a whole justice was miscarried. We are satisfied after examination of the entire record that the acts complained of, individually and cumulatively, do not warrant a reversal; and, further, that appellant received a fair trial free from prejudicial error.

The judgment of conviction is affirmed.