UNITED STATES of America,
Plaintiff-Appellee,

v.

Sheila Mae ABRAHAM,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Henrietta W. CLARK,
Defendant-Appellant.

Nos. 79–1625, 79–1632.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1980.

Decided Sept. 9, 1980.

Susan F. Mandiberg, Stoel, Rives, Boley, Fraser, Wyse, Portland, Or., for Clark.

Frank A. Wilson, Asst. U. S. Atty., Portland, Or., for U. S. A.

Before BROWNING, Chief Judge, ANDERSON, Circuit Judge, and BATTIN,* District Judge.

PER CURIAM:

Appellants were convicted of violating 18 U.S.C. § 111, which makes it a felony to assault any person designated in section 1114 (which includes FBI agents) while engaged in the performance of official duties.

At trial, appellants argued that they were guilty, at most, of a violation of 18 U.S.C. § 1501, which makes it a misdemeanor to assault any officer or authorized person serving or executing process.

On appeal, appellants recognize that *Pietrzak v. United States*, 188 F.2d 418, 420 (5th Cir. 1951) holds that section 111 may apply to an assault upon an officer serving process, and do not ask us to hold to the contrary.

■ This is understandable. The language of section 111 is not ambiguous. It prohibits any forcible assault on an FBI agent "in or on account of the performance of his official duties" without regard to what official duty the agent may be performing. In requesting the legislation, the Department of Justice stated the need in similarly broad and unambiguous terms: "This department has found need for similar legislation for the adequate protection of the special agents of the [the FBI], several of whom have been assaulted in the course of the year, while in the performance of their official duties." S.Rep.No. 535, 73d Cong., 2d Sess. 2 (1934); H.R.Rep.No. 1455, 73d Cong., 2d Sess. 2 (1934). If we were to read sections 111 and 1501 together as confining prosecution for assaults upon process servers to the latter section, an assault upon an FBI agent would be a felony punishable by a three-year prison sentence unless the agent were making an arrest, in which case the assault would be punishable only as a misdemeanor, subject to a one-year sentence, despite the fact that the danger of serious assault upon an officer is particularly high when the officer is taking an accused person into custody. There is nothing in the legislative history to support such a result. This is an appropriate case for application of the general rule "that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." *United States v. Batchelder*, 442 U.S. 114, 123–24,

* Honorable James F. Battin, United States District Judge for the District of Montana, sitting by designation.

99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979); *see also United States v. Jones*, 607 F.2d 269, 271 (9th Cir. 1979).

Appellants do argue, however, that more force is required to make out a violation of section 111 than is required to establish a violation of section 1501. We find nothing in the language of the two statutes, the legislative history, or the cited authorities to suggest such a distinction. In any event, the level of violence reflected in the record was clearly sufficient to establish a violation of section 111. Appellants beat the agent about the head and shoulders with their fists for from two to three minutes. The fact that appellants are moderately built women and the agent a fairly large man does not detract from the conclusion that the amount of force used was sufficient to satisfy section 111. *See, e. g., United States v. Frizzi*, 491 F.2d 1231, 1232 (1st Cir. 1974) (alternative holding that spitting on agent is forcible assault); *United States v. Marcello*, 423 F.2d 993, 1010–11 (5th Cir. 1970) (serious injury not required).

AFFIRMED.