**UNITED STATES of America, Appellee,**

v.

**Harvey Lee SPEARS, Appellant.**

**No. 80–1049.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 1980.

Decided Oct. 22, 1980.

Lynn David Larsen, Eugene, Or., for appellant.

Ellen F. Rosenblum, Asst. U. S. Atty., Eugene, Or., for appellee.

Before GOODWIN, FLETCHER and CANBY, Circuit Judges.

GOODWIN, Circuit Judge.

Harvey Lee Spears was convicted of assaulting a federal employee in violation of 18 U.S.C. § 111. He argues on appeal that the victim of the assault had not been designated pursuant to 18 U.S.C. § 1114 and hence the assault was not within the prohibition of 18 U.S.C. § 111.[1] The judgment is affirmed.

Robert P. Cook, an employee of the Forest Service, was on duty as a "wilderness officer" near Marion Lake in the Willamette National Forest when he came upon three men who were camped in violation of wilderness regulations on the edge of the lake. He asked them to move their camp and they agreed.

When Cook returned to their campsite a short time later, he attempted to persuade the campers, who had now been joined by defendant Spears, to abide by their agreement and move. The discussion included verbal abuse by Spears and an invitation from another camper to take a drink of whiskey. Cook accepted the drink. He later said he thought an appearance of congeniality might abate some of the hostility displayed by Spears. As the discussion progressed, Cook agreed to go out on the lake

---

1. Title 18 U.S.C. § 111 states in relevant part:

    "Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both."

with the campers in a rubber raft. He testified that his intent was to discuss further the wilderness regulations. Once in the raft, Spears grabbed Cook and held his head under water. Another camper then hit Spears with a whiskey bottle and Spears released Cook.

When Spears was subsequently charged with a violation of 18 U.S.C. § 111, he waived a jury trial and stipulated what the testimony of the witnesses would have been. The district judge found Spears guilty, rejecting his defense that § 1114 did not cover Cook. Spears appeals that decision.

## I. Scope of § 1114

■ Spears first argues that he is not guilty of violating § 111 because Cook is not within the scope of § 1114. Section 1114 covers "any officer or employee of the Department of Agriculture ... designated by the Secretary of Agriculture ... to enforce any Act of Congress for the protection, preservation, or restoration of game and other wild birds and animals," (game protection category).[2] Spears reasons that Cook, a field service officer of the Forest Service, is not included in the game protection category of § 1114 because game protection was not part of the Department of Agriculture's functions when § 1114 was enacted.

In 1939, most federal game protection functions were transferred from the Department of Agriculture to the Department of the Interior. Despite this transfer, the predecessor of § 1114[3] was amended in June 1940 to allow the Secretary of Agriculture to designate employees in the game protection category. In August 1940, pursuant to that authority, the Acting Secretary of Agriculture designated as game protection officers those employees in the "field service" of the Forest Service.

Spears insists that the Acting Secretary's 1940 designation was "ineffective" because the Department of Agriculture had no authority over game protection in 1940. Alternatively, he argues that even if the Acting Secretary had the authority to designate a game protection officer, Cook is not included within the designation because his position of "wilderness officer" did not then exist.

The response to the first point, as the government correctly points out, is that the real issue is the Secretary's authority to designate as "game protection" officers "field service" employees. Spears does not suggest, and we have not found, any deficiency in the statutory authorization relied on by the Acting Secretary.

The Tenth Circuit reached a similar conclusion in *United States v. Tijerina*, 407 F.2d 349, 354 (10th Cir.), *cert. denied*, 396 U.S. 843, 90 S.Ct. 76, 24 L.Ed.2d 93 (1969). *Tijerina* held that a forest ranger, a field service officer of the Department of Agriculture, was covered by § 1114. This court has discussed *Tijerina*'s reasoning without expressly approving or disapproving it. *See U. S. v. Patrin*, 575 F.2d 708, 713 nn. 6 and 7 (9th Cir. 1978). We now approve it.

We also reject Spears' argument that wilderness officers do not come within the Secretary's designation of "game protection" officers. Wilderness officers are field service officers. The Acting Secretary's

---

2. Title 18 U.S.C. § 1114 also covers "any officer or employee of the ... Department of Agriculture assigned to perform investigative, inspection, or law enforcement functions, while engaged in the performance of his official duties, or on account of the performance of his official duties," (performance category). Relying on *United States v. Patrin*, 575 F.2d 708, 711–13 (9th Cir. 1978), Spears insists that the government cannot use the "performance" category of § 1114 to justify the § 111 conviction because it did not do so at trial. Because we

have found that Cook is covered by the "game protection" category of § 1114, we need not decide if he is covered by the "performance" category of § 1114. We do not decide whether the reasoning of *Patrin* precludes the government from asserting, in this factually distinguishable case, that Cook is covered by the "performance" category of § 1114.

3. Act of June 13, 1940, Pub.L.No. 76–627, ch. 359, § 1, 54 Stat. 391 (codified at 18 U.S.C. § 253 (1940)).

designation is cast in broad language.[4] The very fact that the Secretary has never amended the designation since it was first promulgated in 1940 supports the inference that its broad language was intended to encompass new field service positions when and if Congress funded them.

■ We therefore find that included in § 1114's "game protection" category are field service officers whose positions were created *after* the 1940 designation of "field service" employees as "game protection" officers. A field service officer is protected whether or not the particular officer's job description expressly includes game protection. Accordingly, assaulting a wilderness officer is a violation of § 111.[5]

## II. Sufficiency of the Evidence

■ Spears next argues that the evidence was insufficient to find beyond a reasonable doubt that "Cook was engaged in the performance of his duties." This argument fails. The evidence is more than sufficient to support a finding that he was so engaged.

■ The applicable standard for reviewing the sufficiency of the evidence to support a criminal conviction is whether, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Bailey*, 607 F.2d 237, 243 (9th Cir. 1979), *cert. denied*, 445 U.S. 934, 100 S.Ct. 1327, 63 L.Ed.2d 769 (1980). This test applies to both jury and bench trials. *Jackson*, 443 U.S. at 317 n. 8, 99 S.Ct. at 2788 n. 8.

Spears argues that because Cook took off his Forest Service shirt (apparently in response to Spears' remarks), had a drink with the campers, and got in their raft to go out on the lake, the proof was that he was not on duty but on a personal frolic. Cook's job, however, required him to be on duty 24 hours a day while in the field. The evidence showed that he was on duty and was attempting to enforce the regulations at the time of the incident. His choice of methods to seek cooperation may have been unwise, but there was evidence that Cook's actions were designed to allay the open hostility of at least one of the semi–intoxicated campers. Testimony indicated that at all relevant times Cook was trying to persuade the campers to comply with the forest service regulations. Nothing in Cook's conduct gave Spears a license to drown the officer. The principal purpose of the inclusion of unarmed forest rangers within the protection of § 111 is to discourage the very sort of conduct exhibited in this case by Spears.

Because there was sufficient evidence from which a rational trier of fact could have found that Spears assaulted Cook while Cook was engaged in the performance of his duties, we affirm.

---

**4.** The designation reads in relevant part:

By virtue of the authority vested in me by the Act of June 13, 1940 (Pub.No. 627–76th Congress), all officers and employees of the Forest Service assigned to duty in the field service are hereby designated to enforce the Acts of Congress, and regulations promulgated, pursuant thereto, for the protection, preservation, or restoration of game and other wild birds and animals on lands under the jurisdiction of the Forest Service." 5 Fed. Reg. 2940 (1940).

**5.** Although the issue was not raised below, we note that Spears need not have known that Cook was a federal officer. Section 111 only requires an intent to assault, not an intent to assault a federal officer. *See United States v. Feola*, 420 U.S. 671, 684, 95 S.Ct. 1255, 1263, 43 L.Ed.2d 541 (1975); *United States v. Kartman*, 417 F.2d 893, 895 (9th Cir. 1969).