**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Wayne HOHMAN,
Defendant-Appellant.**

**No. 86–1375.**

United States Court of Appeals,
Ninth Circuit.

Submitted * Aug. 14, 1987.

Decided Aug. 21, 1987.

William A. Maddox and Paul E. Wommer, Las Vegas, Nev., for plaintiff-appellee.

Daniel Markoff and Randall J. Roske, Las Vegas, Nev., for defendant-appellant.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before EUGENE A. WRIGHT, FARRIS and DAVID R. THOMPSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Hohman, a visitor at a national recreation area, assaulted a park ranger and threatened the officer's family. The assault was preceded by lawful requests by the ranger, followed by a steady string of obscenities by Hohman. He was convicted on two counts of violations of 18 U.S.C. §§ 111 and 115.

Hohman asserts on appeal that (a) the trial judge erred in excusing one juror for bias, (b) the controlling statute is unconstitutionally vague, and (c) the evidence was insufficient to establish that the ranger was on duty at the time of the assault. None of his contentions has merit.

Neither the United States Attorney nor the Public Defender has provided this court with much assistance in our search for applicable legal authorities. Missing from their briefs are citations or discussions of relevant Supreme Court and Ninth Circuit cases. Our research has uncovered several dispositive decisions.

## BACKGROUND

Ranger Miller of the National Park Service was stationed at the Cottonwood Cove Beach of the Lake Mead National Recreation Area. He had regular assigned shifts, but his superiors required that he enforce park regulations 24 hours a day, seven days a week.

After Ranger Miller completed a shift, he changed into running shorts, and took his five-year-old daughter and her friend to the beach. There, he saw a dog running loose on the beach. Notice of a National Park Service Regulation prohibiting dogs on the beach was posted in the immediate area.

Miller determined that the dog was with Hohman's family, and told Hohman, "you're not allowed to have dogs down here." Hohman denied ownership of the dog. Miller repeated his request to remove the dog whereupon Hohman erupted in a steady barrage of obscenities that continued for several minutes. Eventually, Hoh-man struck Miller in the face, knocked him to the ground and bloodied his nose.

Miller got up and identified himself as a federal law enforcement officer. Hohman said that he did not care and continued his stream of insults and obscenity. After further interaction, Hohman punched Miller in the eye.

Miller then wrestled Hohman to the ground. Hohman attempted to bite the ranger and shouted, "It's worth going to jail just for the fun of punching a cop in the nose.... Look at this face, remember it, it is going to come and haunt you. I know you live here and I'm going to come back and kill you. I am going to come back and kill your wife and kids too." He was charged with assault on a federal officer in violation of 18 U.S.C. § 111, and threatening the officer's family in violation of 18 U.S.C. § 115.

During jury selection, one juror told another that, "if you mean this little guy over here (Hohman) beat [Ranger Miller] up, we're in trouble." Over Hohman's objection, Judge George excused the juror after questioning her in camera about her potential bias. She was replaced by an alternate juror. Hohman objected to the replacement.

## ANALYSIS

### I. Excuse of Juror

■ Hohman argues that the district judge abused his discretion in disqualifying and replacing the juror. The substitution, made before the jury retired to deliberate, was permitted by Fed.R.Crim.P. 24(c) and is committed to the sound discretion of the court. *United States v. Jones*, 534 F.2d 1344 (9th Cir.), *cert. denied*, 429 U.S. 840, 97 S.Ct. 114, 50 L.Ed.2d 108 (1976). We find no error in the judge's exercise of his discretion in excusing the juror after questioning her personally in camera.

### II. Unconstitutionality of 18 U.S.C. § 111

Ignoring clear precedent to the contrary, Hohman argues that the statute prohibiting assault on a federal officer is unconstitutionally vague because it does not pro-

vide citizens with objective criteria to determine when a federal agent is on or off duty. Without such criteria, he argues, a citizen does not have fair notice of what constitutes criminal behavior.

It is obvious that this claim has little merit. The record reveals clearly that Hohman was on notice that Ranger Miller was a federal officer. When he first spoke to Hohman, Miller mentioned that he came to the beach when he was "off duty." After Hohman had struck him, Miller identified himself as a federal officer. After this warning, Hohman struck him again.

■ Furthermore, § 111 does not require notice to the assailant that his victim is on duty. The Congressional purpose of § 111 was to give maximum personal protection to federal law enforcement officers. *United States v. Sommerstedt*, 752 F.2d 1494, 1496 (9th Cir.), *amended*, 760 F.2d 999, *cert. denied*, 474 U.S. 851, 106 S.Ct. 149, 88 L.Ed.2d 123 (1985). Consistent with that purpose, § 111 does not require that an assailant know his victim is a federal officer. *United States v. Feola*, 420 U.S. 671, 679, 95 S.Ct. 1255, 1261, 43 L.Ed.2d 541 (1975); *United States v. Abraham*, 627 F.2d 205, 206 (9th Cir.1980).

The assailant need intend only to assault one who later proves to be a federal officer. *United States v. Freie*, 545 F.2d 1217, 1222 (9th Cir.), *cert. denied*, 430 U.S. 966, 97 S.Ct. 1645, 52 L.Ed.2d 356 (1977). The assailant's knowledge of the officer's duty status is irrelevant. *Cf. United States v. Yermian*, 468 U.S. 63, 68–69, 104 S.Ct. 2936, 2939, 82 L.Ed.2d 53 (1984) (quoting *Feola* as holding: " 'existence of fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute.' ").

The Supreme Court has determined that this interpretation poses no risk of unconstitutional unfairness. One committing an assault "knows from the very outset that his planned course of conduct is wrongful," therefore, § 111 does not create a "situation ... where legitimate conduct becomes unlawful solely because of the [federal] identity of the individual or agency affect-

ed." *Feola*, 420 U.S. at 685, 95 S.Ct. at 1264.

## III. Sufficiency of the Evidence

Although the assailant's knowledge of the victim's official capacity and duty status is irrelevant, conviction under § 111 requires sufficient proof that a federal agent was assaulted "while engaged in or on account of the performance of his official duties." 18 U.S.C. § 111 (1982). Viewing the evidence in the light most favorable to the prosecution, and drawing all reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Sommerstedt*, 752 F.2d at 1496 (9th Cir.1985); *United States v. Spears*, 631 F.2d 114, 117 (9th Cir.1980).

■ Here, the evidence was sufficient to satisfy either prong of § 111. Testimony by Assistant Chief Ranger Inman, a defense witness, established that Miller was on duty 24 hours a day. When Miller asked Hohman to comply with local regulations by removing the dog, he was "engaged" in the performance of his duties. When Hohman struck Wilson, it was "on account" of that performance. *See United States v. Spears*, 631 F.2d 114 (9th Cir. 1980) (testimony that Wilderness Officer was on duty 24 hours a day was sufficient even though the officer had taken off his shirt, and shared a drink with the assailant); *United States v. Velarde*, 528 F.2d 387 (9th Cir.1975), *cert. denied*, 425 U.S. 914, 96 S.Ct. 1513, 47 L.Ed.2d 765 (1976) (evidence that off duty narcotics agent attending a wedding was assaulted because he was recognized as an agent was sufficient for the jury to conclude that he was singled out because of his status).

In his order denying a post-judgment motion for acquittal, the district judge observed:

There was ample testimony that park rangers are on-duty twenty-four (24) hours a day and are required to enforce park rules and regulations at all times whether or not they are wearing their

uniforms. Defendant's own witness supported this position.

### CONCLUSION

The district judge's decision to excuse a potentially biased juror was well within his discretion. Knowledge of Miller's on or off duty status is not a requisite element of § 111. There was abundant evidence for a rational trier of fact to conclude that Miller was assaulted while performing or on account of his duties.

AFFIRMED.