53 F.3d 341
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Daniel VALENCIA-PARRA, Defendant-Appellant.
 No. 94-10030.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1995.
Decided April 14, 1995.
 
 Before: WALLACE, Chief Judge, HUG and FARRIS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Valencia-Parra appeals from his conviction for illegal reentry after deportation following a felony conviction, in violation of 8 U.S.C. Sec. 1326(a) and (b)(2). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 Valencia-Parra first argues that the district court improperly denied giving his proposed jury instruction on circumstantial evidence. "Our inquiry is whether the jury instructions as a whole are misleading or inadequate to guide the jury's deliberations." United States v. Joetzki, 952 F.2d 1090, 1095 (9th Cir.1991). The district court has substantial latitude so long as the instructions fairly and adequately cover the issues presented. United States v. Powell, 955 F.2d 1206, 1210 (9th Cir.1992). The judge's instructions were taken from Ninth Circuit Model Jury Instruction No. 3.03 (defining reasonable doubt) and 3.06 (discussing direct and circumstantial evidence). These instructions adequately informed the jury about those concepts. Valencia-Parra was not entitled to any other instruction on circumstantial evidence or reasonable doubt.
 
 
 3
 Valencia-Parra next argues that there was insufficient evidence to support his conviction. We review to see if any rational jury could have found the elements of the crime beyond a reasonable doubt. United States v. Spears, 631 F.2d 114, 117 (9th Cir.1980). Circumstantial evidence and inferences drawn therefrom can support a conviction. United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 
 4
 To convict under 8 U.S.C. Sec. 1326(b)(2), the government must prove beyond a reasonable doubt that: "(1) the accused is an alien; and (2) the accused unlawfully reentered the United States after being deported and convicted of an aggravated felony." United States v. Cupa-Guillen, 34 F.3d 860, 863 n. 3 (9th Cir.1994), petition for cert. filed, No. 94-7182 (Dec. 5, 1994).
 
 
 5
 Valencia-Parra argues that United States v. Canals-Jimenez, 943 F.2d 1284 (11th Cir.1991), should direct us to hold that there was insufficient evidence to support his conviction. Canals-Jimenez was arrested after arriving at the Miami airport from the Dominican Republic. He argued that the Miami airport was a stop-over point en route to Montreal, his final destination. The court concluded that section 1326 was inapplicable, because the defendant was not "found in" the United States within the meaning of the statute. Canals-Jimenez has no effect on Valencia-Parra's case. We have consistently said that an alien who voluntarily reenters the United States without the permission of the Attorney General satisfies the requirements of section 1326. See United States v. Ayala, 35 F.3d 423, 425-26 (9th Cir.1994) (government "does not need to allege specific intent under 8 U.S.C. Sec. 1326"). The evidence is sufficient to support the verdict that Valencia-Parra entered the United States and was "found" here. There is no evidence that Valencia-Parra entered or was found in the United States involuntarily.
 
 
 6
 Valencia-Parra argues that he is a victim of selective prosecution. However, he withdrew this argument in the district court. Valencia-Parra has therefore waived any right to raise this issue now. United States v. Robinson, 20 F.3d 1030, 1032 (9th Cir.1994).
 
 
 7
 Valencia-Parra asks us to consider whether his counsel was ineffective. We will not because the record is not fully developed on this issue. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991).
 
 
 8
 Finally, Valencia-Parra asks us to assess independently the record for fundamental errors pursuant to Anders v. California, 386 U.S. 738 (1967). Anders applies when an attorney maintains that there is no issue worthy of appeal. In that case, a brief indicating that belief to the court and discussing the strongest arguments revealed by counsel's examination of the record meets counsel's obligations. Counsel does not maintain that Valencia-Parra's claims are frivolous, and he argues several points on appeal. Anders is inapposite.
 
 
 9
 AFFIRMED.