UNITED STATES of America,
Plaintiff—Appellee,

v.

Brian Richard SCHWEITZER,
Defendant—Appellant.

No. 01–50296.

D.C. No. CR–00–00057–VAP.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2002.*

Decided Feb. 14, 2002.

Before FERGUSON, TASHIMA, and GRABER, Circuit Judges.

### MEMORANDUM **

A jury convicted Defendant Brian Schweitzer of assaulting a federal employee, in violation of 18 U.S.C. § 111. He raises two issues on appeal.

A. *Jury Instruction*

Because Defendant did not object to the instruction at trial, we review for plain error. *United States v. Burt,* 143 F.3d 1215, 1217–18 (9th Cir.1998). We find none.

■ The district court properly instructed the jury that the government had to prove each element of the crime beyond a reasonable doubt. The second element was that Defendant assaulted a federal employee "while the federal . . . employee was engaged in or on account of her offi-

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

cial duties." That formulation correctly tracks the statute. Contrary to Defendant's argument, the instruction was clear; a lay jury did not require additional guidance on the meaning of "engaged in ... official duties." *See United States v. Hicks*, 217 F.3d 1038, 1045 (9th Cir.) (holding that a district court need not define common, readily understandable terms), *cert. denied*, 531 U.S. 1037, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000).

### B. *Sufficiency of the Evidence*

Defendant also argues that insufficient evidence supported his conviction because the victim, a mail carrier, was not "engaged in" her official duties when Defendant assaulted her. We disagree.

■ The victim was sitting in her postal truck and was in the middle of delivering mail when Defendant punched her in the face and shoulder, through the window of the truck. She did not seek out Defendant, but happened across him while making mail deliveries on her regular route. Even after seeing him assault a young woman just a few yards from the truck, the victim continued to deliver mail until the situation escalated. Then the victim told Defendant to stop punching the young woman, whereupon Defendant turned and punched her instead. In these circumstances, a rational jury could conclude that the victim was in the course of delivering the mail, and was not engaged in a personal frolic or detour, when Defendant assaulted her. *See United States v. Hohman*, 825 F.2d 1363, 1364 (9th Cir.1987) (holding that a National Park Service employee was engaged in official duties even after he had completed his shift and changed clothes); *United States v. Spears*, 631 F.2d 114, 117 (9th Cir.1980) (holding

that a Forest Service employee was engaged in official duties even though he socialized with campers after telling them to move their campsite).

AFFIRMED.