**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joaquin REYES–LOPEZ,**
**Defendant–Appellant.**

**No. 04–50347.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 8, 2005.*

Decided July 12, 2005.

David P. Curnow, Esq., United States Attorney, San Diego, CA, for Plaintiff–Appellee.

Michelle Betancourt, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: LAY,** KOZINSKI, and THOMAS, Circuit Judges.

### MEMORANDUM ***

On de novo review, we conclude 18 U.S.C. § 111 is not overly broad. The statute prohibits *"forcible assault"* on certain federal officers. *United States v. Abraham,* 627 F.2d 205, 206 (9th Cir.1980) (per curiam) (emphasis added). It does not restrict protected speech in the form of purely verbal, non-threatening opposition.

We conclude the statute is not vague because "a reasonable person of ordinary intelligence would understand what conduct the statute prohibits." *United States v. Lee,* 183 F.3d 1029, 1032 (9th Cir.1999); *see also Abraham,* 627 F.2d at 206 ("The language of section 111 is not ambiguous.").

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

On de novo review, we conclude there was no outrageous government conduct: the initial stop was based on reasonable suspicion and was reasonable under the circumstances; Border Patrol Agents Oropeza and Stewart justifiably used deadly force to protect themselves; the interrogation in the hospital was justified based on the officers' concerns that other people may have been wounded in the shooting and in need of medical care; and the violations of Border Patrol regulations, if there were any, did not demonstrate outrageous conduct in a constitutional sense.

Lastly, the district court did not abuse its discretion by declining to exercise its supervisory powers to dismiss Reyes–Lopez's indictment as a sanction for official misconduct.

The district court is AFFIRMED.