**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANE DOE, a Pseudonym, | No.    16-56722 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:15-cv-07503-MWF-JC |
| DERRICK ROSE, an individual; RANDALL HAMPTON, an individual; RYAN ALLEN, an individual; DOES, 1 through 10, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted November 16, 2018
Pasadena, California

Before:  GOULD, PARKER,** and MURGUIA, Circuit Judges.

In 2015, Doe sued Rose and two of his friends, Randall Hampton and Ryan

Allen, for $21.5 million for sexual battery, battery, and trespass.  The jury trial

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

began on October 4, 2016. The district court emphasized that the issue for the trial was whether Doe was capable of consenting to having sex with the three men on August 27, 2013, in her apartment. At the close of the nine-day trial, the jury found that the men were not liable on any of Doe's claims. On appeal, Doe challenges many of the district court's evidentiary rulings. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's evidentiary rulings for abuse of discretion. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1103 (9th Cir. 2002), *as amended* (Feb. 20, 2002). If we determine that the district court abused its discretion, we then must "consider whether the error was harmless." *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 464 (9th Cir. 2014) (en banc) (quotation omitted); *Obrey v. Johnson*, 400 F.3d 691, 701 (9th Cir. 2005) (harmless error occurs if "it is more probable than not that the jury would have reached the same verdict even if the evidence had been admitted"). "An erroneous evidentiary ruling requires reversal of a jury verdict only where 'a party's substantial rights were affected.'" *B.K.B.*, 276 F.3d at 1103 (quoting *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1015 (9th Cir. 1999)).

The district court did not abuse its discretion by admitting the text messages referring to the sex belt. The district court found that the sex belt texts were intertwined with evidence of Doe's alleged sexual activity earlier in the night at the

mansion. The sex belt texts were potentially useful to the defense to explain their theory of the case, attack Doe's credibility, and as impeachment material. *See S.M. v. J.K.*, 262 F.3d 914, 920 (9th Cir. 2001) (courts must strike "an acceptable balance between the danger of undue prejudice and the need to present the jury with relevant evidence[.]" (quotation omitted)); *see also Rodriguez-Hernandez v. Miranda-Velez,* 132 F.3d 848, 856 (1st Cir. 1998) (when performing the balancing test under Rule 412(b)(2), the district court did not abuse its discretion by allowing defendants to introduce evidence directly relevant to their theory of the case).

Moreover, the district court limited evidence of the sex belt to the texts concerning the belt and prohibited "any testimony about the specifics of the sex belt, any pictures, [or] specifics of what activity it is used for," noting that it was "sufficient for the jury to know that a sex toy of some sort was brought to the house." *See B.K.B.*, 276 F.3d at 1105 ("A timely instruction from the judge usually cures the prejudicial impact of evidence unless it is highly prejudicial or the instruction is clearly inadequate." (quoting *United States v. Berry*, 627 F.2d 193, 198 (9th Cir. 1980)). After opening statements, the district court also told the jury that any evidence of the sex belt was "a waste of time . . . [and] a distraction." Such instructions from the district court were sufficient to cure any potential prejudice from admitting the sex belt texts into evidence. *Berry*, 627 F.2d at 198.

3

The district court also did not abuse its discretion by admitting the five photos from the Las Vegas trip or by admitting Gabriela Chavez's accompanying testimony. The district court did not err in applying the Rule 403 balancing test, and found that the probative value of the photos and testimony was not substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Moreover, the district court instructed the jury on the relevance of the testimony regarding the photos, warning that the information was only relevant to the jury's calculation of emotional damages. *See Berry*, 627 F.2d at 198 ("A timely instruction from the judge usually cures the prejudicial impact of evidence unless it is highly prejudicial or the instruction is clearly inadequate."). Chavez's testimony regarding Doe's statements that the August 27, 2013 encounter was consensual was also relevant, *see* Fed. R. Evid 403, and otherwise admissible, *see* Fed. R. Evid. 801(d)(2)(A). *See also United States v. Velarde*, 528 F.2d 387, 389 (9th Cir. 1975) (testimony by witness about party opponent statement admissible under Rule 801(d)(2)(A)).

The district court's decision to admit additional texts from June 2013 was likewise not error. Doe "opened the door" to this evidence when she testified that she never would have written in the manner she did on August 27, 2013, but for her inebriation. *See S.M.*, 262 F.3d at 920; *see also Sheffield v. Hilltop Sand & Gravel Co.*, 895 F. Supp. 105, 109 (E.D. Va. 1995) ("The Court cautions the

4

plaintiff, however, that this ruling will not protect her if she 'opens the door' to such evidence by stating unequivocally that she never engaged in such conduct at work."). The district court therefore admitted only those additional texts that would allow the jury to decide whether it believed that Doe never texted in the manner that she did around the time of the incident. *See S.M.*, 262 F.3d at 920 (limiting testimony to only that which plaintiff opened the door); *see also Sheffield*, 895 F. Supp. At 109 (limiting testimony under Rule 412).

Similarly, the district court did not err in excluding evidence of Doe's prior refusal to engage in group sexual activity. The court determined that evidence of Doe's prior refusal would open the door to other already-excluded evidence; the district court was correct that it could not "selectively let in some of this evidence and not the other." The district court's decision was well within the "broad range of permissible conclusions," and therefore was not unreasonable. *Hung Lam v. City of San Jose*, 869 F.3d 1077, 1084 (9th Cir. 2017) (quoting *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010)).

The district court also did not err in excluding Doe's later-in-time text exchanges with Defendants. "The trial court has broad discretion regarding the admission of prior consistent statements." *Breneman v. Kennecott Corp.*, 799 F.2d 470, 472 (9th Cir. 1986) (quotation omitted). The district court specifically found that Doe's statements made "a week afterwards, especially in light of the other

5

allegations in the case[,]" were no longer prior consistent statements of Doe's mental or emotional condition. *See id.* at 473, Fed. R. Evid. 801(d)(1)(B).

Lastly, the district court properly excluded evidence that Allen called massage parlors, escort services, and sex workers in the weeks following the August 27, 2013 incident. The district court correctly found that the probative value of this evidence was substantially outweighed by its prejudicial effect. Fed. R. Evid. 403; *see also United States v. Sangrey*, 586 F.2d 1312, 1315 (9th Cir. 1978) ("As long as it appears from the record as a whole that the trial judge adequately weighed the probative value and prejudicial effect of proffered evidence before its admission, we conclude that the demands of Rule 403 have been met.").

Although this Court affirms the district court's evidentiary decisions and the judgment of the district court, it does not find that Doe's attorneys brought a frivolous appeal. As such, Defendants' motion for sanctions is DENIED (Docket No. 63). Plaintiff's motion to file a late opposition brief is DENIED as MOOT (Docket No. 76).

**AFFIRMED.**