**UNITED STATES of America,
Appellee,**

v.

**Larry WILSON and Lloyd Cox,
Appellants.**

**No. 26797.**

United States Court of Appeals,
Ninth Circuit.

Feb. 11, 1971.

————◆————

Glenn D. Ramirez (argued), for Ramirez & Hoots, Klamath Falls, Or., for appellants.

D. Richard Hammersley (argued), Asst. U. S. Atty., Sidney I. Lezak, U. S.

Atty., Jack G. Collins, Asst. U. S. Atty., Portland, Or., for appellee.

Before HAMLEY, BROWNING and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellants, Larry Wilson and Lloyd Cox, were convicted of cutting and removing timber from a national forest in violation of 36 C.F.R. § 261.6(a), an offense made punishable as a misdemeanor by 16 U.S.C. § 551.

Appellants cut and removed timber from national forest land while otherwise lawfully engaged in gathering Christmas trees on adjoining land. Appellants assert that they were unaware that they had strayed onto federal land and hence were not removing the timber wilfully. All of the arguments of substance presented on appeal turn on the validity of their assertion that wilfulness is one of the elements of the offense for which they were convicted.

The regulation that defines the crime does not make wilfulness an element of the offense. "Cutting, killing, destroying, girding, chipping, chopping, boxing, injuring or otherwise damaging or removing any timber or forest product except as authorized by law or regulation of the Secretary of Agriculture" are forbidden without any reference to the state of mind of the violator.[1] There is reason to believe that the omission of mens rea was intentional. The necessity of proving in each instance that the trespasser knew that he had crossed the often poorly marked boundaries of a national forest might make the regulatory scheme excessively difficult to enforce. We must, therefore, decline appellants' invitation to read a requirement of criminal intent into the offense with which they are charged. *See* Holdridge

---

1. In an effort to support their position that the omission of an element of wilfulness from the crime was inadvertent, appellants refer us to the Forest Service manual which in turn refers to state law, in this case Oregon, to define damages collectible in a civil case for wilful trespass. This regulation is too far removed from the Department of Agriculture regulation in question persuasively to support an argument for parallel interpretation.

v. United States (8th Cir. 1960) 282 F. 2d 302; *cf.* Morissette v. United States (1952) 342 U.S. 246, 72 S.Ct. 240, 96 L. Ed. 288.

Appellants' other contentions do not merit discussion.

The judgment is affirmed.