UNITED STATES of America, Appellee,

v.

Harold LARSON, Appellant.

No. 84–1382–SD.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 8, 1984.

Decided Oct. 19, 1984.

Reed C. Richards, Deadwood, S.D., for appellant.

Reed Rasmussen, Rapid City, S.D., for appellee.

Before ARNOLD, FAGG, and BOW-MAN, Circuit Judges.

PER CURIAM.

On November 18, 1983, Harold Larson was charged with three counts of allowing unauthorized livestock to trespass on National Forest Service land under 36 C.F.R. § 261.7 and 16 U.S.C. § 551. The charges arose from three separate incidents in which Larson's cattle were observed on Forest Service land by Forest Service employees. Larson was tried on January 31, 1984 and found guilty on all three counts. The District Court[1] sentenced Larson to six months imprisonment and a $500 fine. Larson was placed on unsupervised probation for five years in lieu of the prison sentence.

Larson appeals his conviction to this Court on two grounds. First, he contends that his due process rights were violated when the United States Government charged him with criminal violation of 36 C.F.R. § 261.7, instead of administratively recovering costs relating to the unautho-

---

1. The Honorable Andrew W. Bogue, Chief United States District Judge, District of South Dakota.

rized trespass as it previously had done. Second, Larson contends that the trial court erred in not accepting his defense of necessity to the trespass charge because a snowstorm destroyed and the Forest Service removed fences which normally kept his cattle enclosed.

■ Larson raises his constitutional claims for the first time in this Court and we need not decide them on appeal. *United States v. Surridge,* 687 F.2d 250, 255 (8th Cir.), *cert. denied,* 459 U.S. 1044, 103 S.Ct. 465, 74 L.Ed.2d 614 (1982). Nevertheless, we note that the regulation in question is not void for vagueness since it clearly prohibits "allowing unauthorized livestock to enter or be in the National Forest System ...." 36 C.F.R. § 261.7(a). Nor could Larson have a legitimate expectation that he would not be criminally prosecuted for the wanderings of his cattle. The regulations clearly provide for criminal penalties "of not more than $500 or imprisonment for not more than six months or both ..." for violations of 36 C.F.R. § 261.7. 36 C.F.R. § 261.1b. Larson does not contend that the Forest Service indicated to him in any way that he would not be criminally prosecuted other than through its previous forbearance. Nor does Larson contend that he was prosecuted for an illegal or improper reason. The Forest Service had repeatedly warned Larson that he was in violation of 36 C.F.R. § 261.7. That statute clearly provides criminal penalties for trespass by unauthorized cattle. In such circumstances, the initiation of criminal proceedings is not a deprivation of due process.

■ Larson also claims that the trial court erred in not accepting his defense of necessity to the trespass charge. In support of his contention, he cites 75 Am. Jur.2d. *Trespass* § 42, which provides that a person traveling on a valid easement may, if it becomes temporarily impassable, pass the obstruction on adjoining land without being guilty of trespass. Putting aside the question of whether necessity would be a valid defense to 36 C.F.R. § 261.7, which covers the trespass not of persons but of livestock, we note that the cattle in this case were not bypassing an impassable obstruction while traveling on a valid easement, but were being willfully released to graze upon Forest Service land. The defense of necessity does not excuse three violations of 36 C.F.R. § 261.7 occurring almost one year after the snowstorm upon which Larson bases his assertion of this defense.

■ Finally, Larson contends that the evidence at trial was insufficient to show that his violations of 36 C.F.R. § 261.7 were intentional. Intent, however, is not an essential element of § 261.7. *Cf. United States v. Wilson,* 438 F.2d 525, 525–26 (9th Cir.1971) (violation of 36 C.F.R. § 261.-6(a)). Nevertheless, there was testimony by a Forest Service employee that the intruding cattle were often in the forest because Larson had left his corral gate open. There was also testimony that Larson had been observed spreading feed hay for his cattle on Forest Service land. The District Court found that Larson's violations of 36 C.F.R. § 261.7 were willful. This finding is suggested by the evidence and certainly is not clearly erroneous.

We have examined Larson's other contentions and find them to be without merit. Larson's conviction is affirmed.