UNITED STATES of America, Plaintiff,

v.

Larry D. SEMENZA, Defendant.

No. CR 85–18–BU–CCL.

United States District Court,
D. Montana,
Butte Division.

Sept. 19, 1986.

---

Kris McLean, Asst. U.S. Atty., Butte, Mont., for plaintiff.

K. Dale Schwanke, Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for defendant.

## MEMORANDUM OPINION

LOVELL, District Judge.

Defendant was charged with two counts of allowing his cattle to trespass on forest lands, a violation of 36 C.F.R. § 261.7(a) and § 261.1(b). He waived jury trial and was tried to the court on May 6–7, 1986. After the close of the evidence, the Court received briefs from the parties, took the matter under advisement, and subsequently found the defendant guilty on both counts. A motion for new trial was denied, and the defendant came on for sentencing on September 15, 1986. Defendant was fined $250 on each count. This memorandum is issued in conjunction with the Court's imposition of sentence and remarks made to counsel at the sentencing hearing.

At the outset of this trial, the government announced that it was bringing this criminal prosecution for the purpose of collecting a debt owed by defendant to the United States for injuries caused to forest lands by defendant's cattle. I told government counsel that a criminal prosecution was not the proper procedure to recover on a civil debt. I refused to take evidence on the claimed damages at the time of trial, although I did give the United States leave to reraise the issue of restitution later if defendant were convicted.

At the sentencing hearing, the United States presented evidence of damages in excess of $9,000 (attributed to the two counts of trespass by defendant's cattle), and requested the Court to order incarceration and condition probation upon payment of restitution by defendant. Defendant denied causing the damages attributed to him, and the evidence was conflicting. Defendant correctly argued that the record shows there were cattle other than his in the plantation where the damages accrued. Also, defendant attempted to prove by videotape the presence of an elk herd and a substantial number of deer in the vicinity of the plantation which could have contributed to the damage. The Court found that the conflicting evidence presented a record less than satisfactory to warrant the restitution demanded by the government and declined to impose restitution.[1]

More significant than the inconclusiveness of the evidence to support restitution, is the presence of a very important principle which appears to be at issue here.

When I first began the practice of law, Montana had a statute which made it a crime for a private citizen to attempt to compel payment of a civil debt by threat of criminal prosecution. That crime was then called "extortion." In later years, the statute was replaced with a different one charging a crime which was referred to as "intimidation." These harsh terms are reflective of the antagonism in our legal history to availing oneself of criminal prosecution by the sovereign to collect a civil debt. Indeed, debtors prisons were a motivating factor in emigration from England by our

---

1. Plaintiff presented a well-qualified expert witness who testified as to the fact and amount of its damages. There is no doubt damages occurred in the amount claimed. Equally clear, though, the damages were not proven (1) to have been caused only by defendant, nor (2) only on the dates charged.

original colonists. *See also* 28 U.S.C. § 2007.

■ The principle involved here is that no private person, nor the sovereign itself, ought to be allowed to conduct a criminal prosecution for the only purpose of securing a conviction in order to condition probation upon payment of a monetary debt. This doesn't mean that the court ought not, in a proper case and under proper circumstances, order restitution as an incident to the criminal conviction. Certainly victims of crime are entitled to have the court carefully consider such restitution at the time of the sentencing of a defendant convicted of crime, and particularly one convicted of deliberate and willful acts.[2]

Parenthetically, I note that the record here is devoid of any substantial evidence of willful or deliberate acts on the part of the defendant. To the contrary, it appears that defendant took precautions to prevent his cattle from trespassing upon government lands. Unfortunately for defendant, the taking of those precautions does not constitute a defense to the crime charged. Too, it is interesting to note that throughout most of Montana's history simple trespass has never constituted a crime. It is only in recent years that the act of actual trespass (as distinguished from deliberate injury to growing crops or trees) is a crime under Montana law. Of course, we deal here with a federal statute, but it is nonetheless interesting to look to the Montana history when considering willful conduct.

■ I do not believe that the government ought to be permitted to file criminal prosecutions for the sole purpose of collecting a disputed monetary debt. This smacks too much of the debtor's prison. The United States Attorney is notified that the future filing of such cases in my court may result in summary dismissal.

2. The federal statute governing restitution, 18 U.S.C. § 3651, is in accord with these general principles:

While on probation and among the conditions thereof, the defendant—
\* \* \* \* \* \*
May be required to make restitution or reparation to aggrieved parties for *actual dam-*

Prosecutions for Forest Service violations, when conducted properly, serve an important function in the criminal justice system, particularly in areas such as Montana. This opinion is not intended to discourage prosecution of any individual who violates the laws of the United States. Moreover, this does not mean that the United States must go without a remedy here. The government may file a civil action against the defendant, and if it does so will surely recover all sums which it is justly entitled to receive, if any.

I decided against incarcerating the defendant, and I believe that the fine imposed represents reasonable punishment in this case. Neither do I think this means the forest lands of the government will be unprotected in the future. Defendant is an intelligent individual who knows that repeated violations implying willfulness may result in future prosecution and imprisonment.

*ages or loss caused by the offense for which conviction was had....* [*Emphasis added.*]
The provision clearly contemplates payment for damage caused by the defendant on the dates charged. While there are a few narrow exceptions to this rule, none has been established here. *See United States v. Orr,* 691 F.2d 431 (9th Cir.1982).