**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Larry B. SEMENZA,
Defendant–Appellant.**

No. 86–3190.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 1, 1987.

Decided Dec. 30, 1987.

Kris A. McLean, Butte, Mont., for plaintiff-appellee.

K. Dale Schwanke, Great Falls, Mont., for defendant-appellant.

Before POOLE, FERGUSON and CANBY, Circuit Judges.

CANBY, Circuit Judge:

Larry D. Semenza was convicted of two counts of allowing unauthorized livestock to trespass on National Forest Land in violation of 36 C.F.R. § 261.7(a). 644 F.Supp. 780. That regulation prohibits "[p]lacing or allowing unauthorized livestock to enter or be in the National Forest System or other lands under Forest Service control." The regulation was promulgated pursuant to 16 U.S.C. § 551 (1982).

Semenza's cattle had been sighted repeatedly on National Forest Lands. Forest Service employees had made positive identifications on each of the dates charged in the indictment. Semenza did not have a permit to graze his cattle. Semenza had the sole legal responsibility for restraining his livestock from entering and remaining on Forest Service lands. Semenza contends that he cannot be convicted of violating the regulation unless there is some evidence of a purposeful action or inaction by him resulting in the livestock's unauthorized presence. Alternatively, he urges that he is entitled to a new trial on the basis of new evidence. We reverse.

The first issue we must resolve is whether § 261.7(a) requires a criminal intent. The interpretation of a regulation raises a question of law which we review de novo.

United States v. Varbel, 780 F.2d 758, 761 (9th Cir.1986). It is the Government's position that § 261.7(a) creates a strict liability crime. In support of this position, we are urged to adopt the reasoning of the Eighth Circuit, the only court that has interpreted § 261.7(a). See United States v. Larson, 746 F.2d 455 (8th Cir.1984). The Larson court noted that "[i]ntent ... is not an essential element of § 261.7." Larson, 746 F.2d at 456. We reject the finding of the Eighth Circuit.

Absent a clear indication of legislative intent, courts should be reluctant to dispense with a mens rea requirement. Morissette v. United States, 342 U.S. 246, 263, 72 S.Ct. 240, 249, 96 L.Ed. 288 (1952). The Department of Agriculture regulation did not make unauthorized entrance or presence on Forest Service land a per se violation. The operative language of § 261.7(a) prohibits "allowing unauthorized livestock to enter or be" on Forest Service land. (emphasis added). Criminal liability may only be imposed against the defendant if the defendant has allowed the livestock's entrance or presence.

The word allow "has no rigid or precise meaning," but, in the context in which it is used in the regulation, may mean "to acquiesce in; to suffer; to tolerate." Black's Law Dictionary 70 (5th ed. 1979). We think it proper to give it the same meaning as permit or suffer. We construed those two words in United States v. Launder, 743 F.2d 686 (9th Cir.1984). In that case a hiker who became lost and set a signal fire to attract rescuers started a forest fire. He was convicted of violating 18 U.S.C. § 1856, which makes it a crime when a person "permits or suffers [a] fire to burn or spread beyond his control" in federal forests. We reversed, holding that these words were "not the language of strict liability. The legal terms 'permitting' and 'suffering' clearly require a willful act or a willful failure to act in the face of a clear opportunity to do so." Id. at 689.

We find no reason why the analysis of the regulation at issue in this case should differ from that used in Launder.

In addition to proof that the livestock were on Forest Service land, that they were unauthorized, and that the defendant had responsibility to control the livestock in question, the language of § 261.7(a) requires an additional element. The Government must prove that the defendant willfully acted to allow his cattle to enter the National Forest, or willfully failed to prevent their entering when he had a clear opportunity to do so.

There is evidence in the record that could support a trier of fact's finding that Semenza willfully failed to keep his cattle off Forest Service lands when he had a clear opportunity to do so. There is also evidence that could support a contrary finding. As an appellate court, we are not free to resolve this issue. *See Dunn v. United States,* 442 U.S. 100, 107, 99 S.Ct. 2190, 2194, 60 L.Ed.2d 743 (1979) ("appellate courts are not free to revise the basis on which a defendant is convicted simply because the same result would likely obtain on retrial"); *United States v. Castillo-Felix,* 539 F.2d 9, 13 (9th Cir.1976) (appellate court not free to affirm conviction "reached on the basis of a wrong reason"; defense attorney might have taken different approach if case had been properly framed). Semenza is accordingly entitled to a new trial governed by a proper construction of § 261.7(a).[1]

REVERSED AND REMANDED.

POOLE, Circuit Judge, dissenting.

I respectfully dissent. I believe that the regulation in question imposes strict liability on Semenza for the unauthorized entry of his cattle onto National Forest Land. *See United States v. Larson,* 746 F.2d 455, 456 (8th Cir.1984). As the evidence clearly shows that Semenza's cattle had repeatedly entered onto National Forest Lands and that he had no permit, I would affirm his conviction.

The majority opinion cites *Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952) for the proposition that courts should be reluctant to dispense with

a mens rea requirement. While the Court so held with respect to crimes "incorporated from the common law," *id.* at 262, 72 S.Ct. at 249, the Court carefully distinguished "regulatory measures ... where the emphasis of the statute is evidently upon achievement of some social betterment rather than the punishment of the crimes as in cases of *mala in se.*" *Id.* at 258–59, 72 S.Ct. at 247. Justice Brennan elaborated on this distinction in *United States v. Freed,* 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), saying:

[W]here a federal criminal statute omits mention of intent and where it seems to involve what is basically a matter of policy, where the standard imposed is, under the circumstances, reasonable and adherence thereto properly expected of a person, where the penalty is relatively small, where the conviction does not gravely besmirch, where the statutory crime is not one taken over from the common law, and where congressional purpose is supporting, the statute can be construed as one not requiring criminal intent.

401 U.S., n. 4 at 613, 91 S.Ct., n. 4 at 1115 (Brennan, J., concurring) (quoting *Holdridge v. United States,* 282 F.2d 302, 310 (8th Cir.1960)).

The regulation at issue here is exactly of the type to which the passage from *Freed* refers. The maximum penalty under 16 U.S.C. § 551 is a $500 fine or six months in prison. The standard imposed is a matter of policy and it is reasonable to require that a cattle owner take responsibility for his animals. The conviction is hardly one which will "gravely besmirch" Semenza's reputation. Consequently, I would uphold the district court's conclusion that the regulation establishes a strict liability offense. As the offense is not one imported from the common law, *Morissette* does not require a different result.

The majority opinion also relies on *United States v. Launder,* 743 F.2d 686 (9th Cir.1984), in which this Court reversed a hiker's conviction for "permitting" or "suffering" a fire to burn or spread beyond his

---

1. In light of our disposition, we need not address Semenza's claim that the district court

erred in denying his motion for new trial on the ground of newly discovered evidence.

control. I find that case to be inapposite here. The statute involved in *Launder* was enacted by Congress under Title 18, which specifically deal with Crimes and Criminal Procedure. In contrast, the regulation here was promulgated under 16 U.S.C. § 551, which grants the Secretary of Agriculture authority to make provisions for the protection of national forests. The entire thrust of the statute is regulatory, not criminal. The regulation at issue should be contrasted with the provision under Title 18 which makes it a crime for a person to "knowingly" permit his cattle to enter onto certain public lands. 18 U.S.C. § 1857. The existence of this criminal statute, with its intent requirement, supports my view that the Department of Agriculture did not intend merely to duplicate it in promulgating its regulations, but intended rather to establish a strict-liability prohibition in support of its protective mandate.

Finally, I suggest that whether the government agrees or disagrees with the outcome reached here, it has the power to amend the regulation to make its intended scope clear. Such a clarification would avoid the necessity of litigating this question in future cases.