968 F.2d 1222
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Beatriz SALGADO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donna Elizabeth LEWEN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Erinn L. MCINTYRE, Defendant-Appellant.
 Nos. 90-30223, 90-30224, 90-30286 and 90-30301.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 7, 1992.
Decided July 15, 1992.
 
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 This case arises from a political demonstration in which Federal Protective Officers ("officers") arrested thirty-three protestors at the Jackson Federal Building ("Federal Building") in Seattle, Washington. The protestors were convicted of failing to obey the officers' lawful direction to leave the Federal Building in violation of 41 C.F.R. § 101-20.304. Eighteen protestors ("Defendants") appeal their convictions claiming the regulation is unconstitutionally vague and overbroad. In addition, the Defendants challenge the sufficiency of the evidence and the interpretation of the regulation.
 
 STATEMENT OF FACTS
 
 3
 On November 16, 1989, approximately 200 people gathered outside the 35-story Federal Building in downtown Seattle, Washington, to protest continued United States involvement in El Salvador. The protest primarily consisted of speeches. Although no civil disobedience was planned for that day, one of the speakers did discuss civil disobedience. Upon hearing talk of civil disobedience, the officers closed the Second Avenue doors to the Federal Building to keep the protestors out of the building.
 
 
 4
 After an hour of speeches, the protestors decided to enter the Federal Building in order to complain to their Congressmen, who had offices in the building. When they found the Second Avenue doors locked, some protestors beat on the glass doors with fists and signs, and many gained entrance to the lobby through the First Avenue doors. About 100 protestors entered the Federal Building before officers controlled the doors and the flow of people into the building.
 
 
 5
 The facts after the protestors entered the lobby are conflicting. The Government contends there were physical confrontations between protestors and officers including body blocks, shouting matches, chanting, and near riotous conditions. The Defendants contend the protestors were talking in conversational tones and were not disrupting government business.
 
 
 6
 During the 45 minutes the protestors were in the lobby, the officers offered to permit them to go to the Congressmen's offices in groups of two or three or, alternatively, to try to arrange to have a representative come to the lobby and meet with the protestors. After the protestors refused the offer, the officers asked them to leave. Many protestors left but thirty-three stayed, sat on the floor, locked arms, and were subsequently arrested for failing to obey the Officer's order to leave.
 
 
 7
 The Defendants, who were among the thirty-three who chose to remain in the building, were arrested for failing to comply with the officers' lawful direction in violation of 41 C.F.R. § 101-20.304, and convicted following a bench trial.
 
 DISCUSSION
 
 8
 * The Defendants claim the regulation under which they were convicted is unconstitutionally vague and overbroad and was unconstitutionally applied to the facts of this case. Whether a regulation is unconstitutionally vague or overbroad is a question of law subject to de novo review. United States v. Stansell, 847 F.2d 609, 612 (9th Cir.1988).
 
 
 9
 a. Overbreadth
 
 
 10
 The Defendants were convicted of violating 41 C.F.R. § 101-20.304 (1986), which provides:
 
 
 11
 Conformity with signs and directions. Persons in and on property shall at all times comply with official signs of a prohibitory, regulatory, or directory nature and with the lawful direction of Federal protective officers and other authorized individuals.
 
 
 12
 In United States v. Stansell, a case which also involved protesters at the Jackson Federal Building, the Ninth Circuit expressly held 41 C.F.R. § 101-20.304 is not unconstitutionally overbroad on its face because the regulation "can be properly limited by reading it in conjunction with the entirety of 41 C.F.R. subpart 101-20.3" which identifies what conduct may be controlled in a federal building. Id. at 614-15. That court specifically noted that "section 101-20.305 proscribes conduct that 'obstructs the usual use of entrances ... which otherwise impedes or disrupts the performance of official duties by Government employees, or which prevents the general public from obtaining the administrative services provided on the property in a timely manner.' " Id. at 614 (quoting 41 C.F.R. § 101-20.305).
 
 
 13
 Defendants' argument that 41 C.F.R. § 101-20.304 was unconstitutionally overbroad as applied to the facts of this case misconstrues the nature of the overbreadth doctrine. Overbreadth is an issue of statutory construction, not one of application by law enforcement officials as Defendants suggest. The Stansell court has definitively rejected any overbreadth argument with respect to 41 C.F.R. § 101-20.304.
 
 
 14
 b. Vagueness
 
 
 15
 "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983). The Stansell court held 41 C.F.R. § 101-20.304 is not unconstitutionally vague on its face because, when read in conjunction with 41 C.F.R. subsection 101-20.3, it provides appropriate guidelines for officials to follow and "does not permit a 'standardless sweep' that allows FPS officials and government prosecutors 'to pursue their personal predilections.' " Id. at 616 (quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983) (internal citations omitted)).
 
 
 16
 The Defendants contend, however, that 41 C.F.R. § 101-20.304 was unconstitutionally vague as applied to the facts of this case. In order for the Defendants to show 41 C.F.R. § 101-20.304 was vague as applied to them, they must demonstrate that (1) they would not know by reading the statute that their conduct on November 16, 1989, would violate the regulations, or (2) the officers enforced the statute in an arbitrary and discriminatory manner. See id.
 
 
 17
 i. Defendants' Knowledge of Violative Conduct
 
 
 18
 41 C.F.R. § 101-20.304 requires persons to comply with the direction of Federal protective officers. The district court found, as a matter of fact, that the Defendants heard the officers' orders to leave and refused to do so. We hold that the Defendants would have known that refusal to obey the officers' order to leave would violate 41 C.F.R. § 101-20.304.
 
 
 19
 ii. Arbitrary and Discriminatory Enforcement
 
 
 20
 In holding that the application of 41 C.F.R. § 101-20.304 was constitutional, the district court found that the officers "acted in a reasonable and professional manner in dealing with the crowd there assembled." In reaching its decision, the court stressed the conditions in the building which led to the officers' decision to arrest: the public could not use the elevators and stairs because of the demonstrators, there were shouting matches between the demonstrators and the officers, the conditions in the lobby were extremely loud and close to riotous, the demonstration effectively prevented the orderly conduct of government business in the building, the demonstrators rejected the officers' offer to permit a few at a time access to the representatives' offices, and the Defendants refused to obey the officers' order to leave after several warnings.
 
 
 21
 The purpose of 41 C.F.R. § 101-20.3 is to protect government property and "preserve the normal functioning of federal facilities." Stansell, 847 F.2d at 614. Given the officers' duty to enforce these regulations, and given the circumstances in the building, we agree with the district court that the actions of the officers were "proper and lawful."
 
 
 22
 Defendants argue that the acquittal of three codefendants demonstrates the officers were generally applying the regulation in an arbitrary fashion throughout that day and when they arrested the protestors. We do not agree. Alleged arbitrariness as to others does not prove arbitrariness as to the Defendants.
 
 
 23
 The Defendants also argue that discriminatory application of the regulation is demonstrated by evidence that in the past, officers have allowed other protestors to occupy the building for as long as ten days, 24 hours a day, whereas here the protestors were told to leave after 45 minutes. However, Defendants fail to present evidence that prior protesters were engaged in similar violations of the regulations. Without such a showing, Defendants' discrimination claim is unsupportable.
 
 II.
 
 24
 The Defendants next argue there was insufficient evidence to support the district court's finding that the officers' order to leave was lawful.
 
 
 25
 There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Adler, 862 F.2d 210, 214 (9th Cir.1988) (emphasis original). The same test applies to both jury and bench trials. United States v. Spears, 631 F.2d 114, 117 (9th Cir.1980).[1]
 
 
 26
 Defendants contend the officers unlawfully arrested Defendants because a video tape shown at trial depicting Defendants in the lobby talking in a conversational tone and not interfering with public access through the lobby demonstrates that they were not violating 41 C.F.R. § 101-20.304.
 
 
 27
 The district court had the opportunity to view evidence submitted by both sides, and chose to believe the testimony of a Metro Transit worker who said that he and others could not get up the stairs or use the elevators because of the demonstrators, and that the crowd was real loud at times. Such evidence supports the conclusion that Defendants violated 41 C.F.R. § 101-20.305, which proscribes conduct which creates loud or unusual noise; unreasonably obstructs the usual use of entrances, lobbies, corridors, elevators, stairways; impedes the performance of official duties by Government employees; and, prevents the general public from obtaining the administrative services provided on the property in a timely manner. See 41 C.F.R. §§ 101-20.305.
 
 
 28
 Therefore, reviewing the evidence in the light most favorable to the prosecution, we hold there was sufficient evidence to support the district court's conclusion that the officers lawfully arrested the Defendants.
 
 III.
 
 29
 Defendants argue that they cannot be convicted under 41 C.F.R. § 101-20.3 because the Officials did not close the Federal Building in accordance with the procedures provided in 41 C.F.R. § 101-20.302. The interpretation of a regulation raises a question of law which is reviewed de novo. United States v. Semenza, 835 F.2d 223, 224 (9th Cir.1987).
 
 
 30
 41 C.F.R. § 101-20.302, which describes the procedure for shutting down a federal building, provides in part:
 
 
 31
 During normal working hours, property shall be closed to the public only when situations require this action to ensure the orderly conduct of Government business. The decision to close the property shall be made by the designated official under the Occupant Emergency program after consultation with the buildings manager and the ranking representative of the Law Enforcement Branch responsible for protection of the facility or the area.
 
 
 32
 Defendants claim that because the officers did not follow these procedures, their direction to leave the building was not lawfully mandated. We do not agree.
 
 
 33
 The Defendants were convicted of failing to comply with the lawful direction of an officer in violation of 41 C.F.R. § 101-20.304, based upon their participation in criminal conduct proscribed under 41 C.F.R. § 101-20.305. None of these regulations require, as an element of the offense, that the building must be properly closed to the public. The unlawful conduct of the Defendants, not the closing of the building, determined the lawfulness of the order.
 
 
 34
 Appellants' convictions are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Government contends that this court must review sufficiency of the evidence in this case only "to prevent a miscarriage of justice or for plain error" because the Defendants waived their claim by not renewing their motion for acquittal at the close of Defendants' case or following the completion of the Government's rebuttal. See United States v. Comerford, 857 F.2d 1323, 1324 (9th Cir.1988)
 The Defendants moved for judgment of acquittal pursuant to FED.R.CRIM.P 29(a) at the close of the Government's case. The district court reserved ruling on this motion until the trial. After the court delivered its decision, it ruled to deny Defendants' motion. Inasmuch as Defendants' motion was reserved by the court, it need not have been raised anew as the Government suggests.