**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**NORTHWEST PINE PRODUCTS,
INC., Defendant–Appellant.**

**No. CR 95–M–553–FR.**

United States District Court,
D. Oregon.

Feb. 2, 1996.

Kristine Olson, United States Attorney and Robert B. Ross, Assistant United States Attorney, Portland, Oregon, for Plaintiff–Appellee.

John B. Crowell, Jr., Lane Powell Spears Lubersky, Portland, Oregon, for Defendant–Appellant.

## OPINION

FRYE, District Judge:

The matter before the court is the appeal by Northwest Pine Products, Inc. (Northwest Pine) from two criminal misdemeanor convictions.

This court has original jurisdiction pursuant to Rule 58 of the Federal Rules of Criminal Procedure and jurisdiction on appeal pursuant to 18 U.S.C. § 3402 and Rule 58(g)(2)(B) of the Federal Rules of Criminal Procedure.

## BACKGROUND

On October 1, 1992, the Sweat Timber Sale Contract was awarded to Northwest Pine. Northwest Pine was to complete its duties under the contract on or before March 31, 1995.

On October 31, 1994, after Northwest Pine had largely completed its obligations under the terms of the Sweat Timber Sale Contract, more than one million board feet of standing timber was blown down.

The United States Forest Service requested Northwest Pine to log the timber that had been blown down in the Sweat Timber Sale area. Northwest Pine agreed to the Forest Service's request, and logging of the downed timber commenced sometime in January of 1995. It took Northwest Pine some two months to complete the job.

Under the Sweat Timber Sale Contract, logs or other forest products removed from the sale area had to be accounted for using a forest product removal permit. The Sweat Timber Sale Contract provides that the purchaser, Northwest Pine, shall require that all forest product removal permits be "filled out in ink by an individual named in writing other than the truck driver and the required permits be attached to the load before the products are hauled from the immediate vicinity of the sale." Sweat Timber Sale Contract, p. 185 (Government's Trial Exhibit No. 1). The Sweat Timber Sale Contract further provides that the forest product removal permit shall show the date that the forest products were loaded, the brand, the name of the sale, the destination where the forest products will be unloaded, and the scaling site.

The purpose of having the issuer of the forest product removal permit restricted to the person designated in writing is to keep the forest product removal permit in the hands of a responsible and knowledgeable person as part of the Forest Service program to deter theft. The purpose of requiring the dates to be filled out on all parts of the forest product removal permit is to make sure that the Forest Service is paid for all of the logs removed from each timber sale and to deter the theft of logs or other forest products from each sale.

On March 2, 1995, forest product removal permits were issued by a log driver for Northwest Pine, John Ellingson, who at that time was not designated in writing to issue forest product removal permits under the contract.

On March 2, 1995, Northwest Pine transported logs from the timber sale without the date and time filled out on the portion of the forest product removal permit which was left with the scaling station.

As a result of these misuses of forest product removal permits, the Forest Service placed Northwest Pine in breach, which was resolved by requiring Northwest Pine to re-educate its personnel on proper procedures for the use of the forest product removal permits.

On March 21, 1995, Forest Service Sale Administrator Michael W. Haxby visited the timber sale and observed some ponderosa pine logs in the two decks of logs. Lonnie Link, a field representative for Northwest Pine who was on the premises of the sale that date, told Haxby that numerous ponderosa pine trees which had been blown to the ground were cut into logs and skidded to the decks to be hauled off. Link told Haxby that two of these "blown down" ponderosa pines had been included in a truckload of logs which had left for the mill earlier that morning. Link indicated that he thought that the timber sale contract authorized the cutting and removal of all "blown down" species of trees, including ponderosa pines.

The Forest Service put Northwest Pine on notice that it was in breach of contract. To cure the breach, the Forest Service ordered Northwest Pine to return the ponderosa pines in the log decks to the sale area. Northwest Pine complied with the order of the Forest Service to return the ponderosa pines in the log decks and returned to the sale area from its mill three ponderosa logs to compensate for the logs previously removed to the mill.

On April 19, 1995, a violation notice, F1447734, was issued to Northwest Pine charging an offense on March 2, 1995 in violation of 36 C.F.R. § 261.6(e) described in the notice as "[l]oad, remove or haul timber product acquired under contract not identified as required by same contract." (Docket # 1).

On April 19, 1995, a second violation notice, F1447739, was issued to Northwest Pine charging an offense on March 2, 1995 in violation of 36 C.F.R. § 261.6(a) described in the notice as "[c]utting any tree or other forest product except as authorized by timber sale contract." (Docket # 1).

On July 14, 1995 and September 8, 1995, a trial was held in the United States District Court for the District of Oregon before the Honorable Donald C. Ashmanskas, United States Magistrate Judge. During the course of the trial, Northwest Pine moved to dismiss the charges on the grounds that the regulations imposing criminal penalties for conduct which also constituted a breach of contract could not be promulgated under the authorizing statute, 16 U.S.C. § 551, and because the evidence did not support the conviction for not properly identifying the timber.

Magistrate Judge Ashmanskas denied the motions of Northwest Pine to dismiss and found Northwest Pine guilty of the crimes alleged in both counts. Magistrate Judge Ashmanskas imposed a fine against Northwest Pine of $500 on each of the two counts and a special assessment on each count of $25. The imposition of the fine has been suspended pending this appeal.

## APPLICABLE LAW

The statute codified as 16 U.S.C. § 551 was enacted on June 4, 1897 as part of the Organic Administration Act for the National Forests, 30 Stat. 34–36 and states, in relevant part:

The Secretary of the Interior shall make provisions for the protection against destruction by fire and depredations upon the public forests and forest reservations . . .; and he may make such rules and regulations and establish such service as will insure the objects of such reservations, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction; and any violation of the provisions of this Act or such rules and regulations shall be punished as is provided for in the Act of June fourth, eighteen hundred and eighty-eight. . . .

The paragraph now codified as 16 U.S.C. § 551 was followed by the paragraph which, until its repeal and replacement in 1976, was codified as 16 U.S.C. § 476, which stated:

For the purpose of preserving the living and growing timber and promoting the younger growth on forest reservations, the Secretary of the Interior, under such rules and regulations as he shall prescribe, may cause to be designated and appraised so much of the dead, matured, or large growth of trees found upon such forest reservations as may be compatible with the utilization of the forests thereon, and may sell the same. . . .

36 C.F.R. § 261.6 was promulgated under the authority of 16 U.S.C. § 551 and states, in relevant part:

The following are prohibited:

(a) Cutting or otherwise damaging any timber, tree, or other forest product, except as authorized by a . . . timber sale contract. . . .

. . . .

(e) Loading, removing or hauling timber or other forest product acquired under any . . . timber sale contract unless such product is identified as required in such . . . contract.

## CONTENTIONS OF NORTHWEST PINE

Northwest Pine contends that the two violation notices at issue here are cognizable

only under 16 U.S.C. § 476, which does not provide for criminal penalties. Northwest Pine contends that only if a violation is more than a breach of the specific provisions of a timber sale contract and amounts to a depredation against the national forests is such a violation under the purview of 16 U.S.C. § 551 and the regulations thereunder and subject to the sanctions provided by section 551.

Finally, Northwest Pine contends that the violation charged under 36 C.F.R. § 261.6(e) should be dismissed for insufficiency of proof. Northwest Pine argues that each forest product removal permit consists of five parts, and while the date and time is not "punched out" on the Scaler's Permit part of Permit No. S–06–1009452, there is no evidence that the date was not written into both of the other parts of the permit.

### CONTENTIONS OF THE GOVERNMENT

The government contends that 36 C.F.R. § 261.6(a) and (e), under which Northwest Pine was cited, are valid regulations promulgated under the authority of 16 U.S.C. § 551, and that these regulations are reasonably related to preventing depredations of the forests and regulating the use and occupancy of the forests to be within the authority granted under 16 U.S.C. § 551.

The government argues that there is no authority for the position of Northwest Pine that a timber purchaser cannot be held liable for violations of 36 C.F.R. § 261.6(a) and (e) without a showing of an intent to steal. In addition, the government contends that there is no authority for the position of Northwest Pine that contract remedies are the only remedies available to the Forest Service for conduct that is a violation of a timber sale contract.

Finally, the government contends that there is ample evidence to support the finding of Magistrate Judge Ashmanskas that there was a violation of 36 C.F.R. § 261.6(e). The government argues that the evidence shows that the scaler's portion of the forest product removal permit did not have the date or time "punched out" as required. The government contends that whether other parts of the forest product removal permit may have been filled out showing the date or time does not substitute for the date on the scaler's portion of the forest product removal permit.

### APPLICABLE STANDARDS

■ Issues of statutory interpretation are subject to *de novo* review. *United States v. Doremus,* 888 F.2d 630 (9th Cir.1989).

■ In order to determine whether there was sufficient evidence presented at the time of trial, the court must view the evidence in the light most favorable to the government and determine whether any rational trier of fact would have found the defendant guilty beyond a reasonable doubt. *United States v. Adler,* 879 F.2d 491, 495 (9th Cir.1988).

### ANALYSIS AND RULING

■ 16 U.S.C. § 551 gives to the Secretary of Agriculture the authority to promulgate rules and regulations "for the protection against destruction by fire and depredations upon the public forests and national forests ... and he may make such rules and regulations and establish such service as will insure the objects of such reservations, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction." 36 C.F.R. § 261.6, promulgated under the authority of 16 U.S.C. § 551, are valid regulations reasonably related to regulating the use and occupancy of the forest and protecting the forest from depredation in the form of timber theft.

■ 36 C.F.R. § 261.6(a) and (e) impose strict liability on anyone, including timber purchasers, for cutting undesignated timber and for failing to follow load ticket procedures. In *United States v. Wilson,* 438 F.2d 525 (9th Cir.1971), the court held that violations of 36 C.F.R. § 261.6(a), an offense made punishable as a misdemeanor by 16 U.S.C. § 551, does not require a criminal intent. The violations of 36 C.F.R. § 261.6(a) and (e) charged against Northwest Pine do not require an intent to steal or depredate the forest and are strict liability regulations intended to serve the purpose of

the Congress of protecting the national forests from destruction. In addition, there is no authority for the position of Northwest Pine that the regulations promulgated under 16 U.S.C. § 551 cannot be enforced against purchasers of timber subject to contract remedies under 16 U.S.C. § 472.

■ Finally, the court finds that there was sufficient evidence for Magistrate Judge Ashmanskas to find that Northwest Pine did not properly fill out the forest product removal permits in violation of 36 C.F.R. § 261.6(e). The evidence presented by the United States shows that a truck driver who was not designated in writing to do so filled out the forest product removal permits, and that the scaler's portion of the forest product removal permits did not have the date or time "punched out" as required.

## CONCLUSION

The judgment of conviction entered by Magistrate Judge Ashmanskas in this action on September 14, 1995 is affirmed.