**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50192 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00667-RGK-1 |
| v. | |
| JOHN C. SEARS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 2, 2016
Pasadena, California

Before: W. FLETCHER and GOULD, Circuit Judges and LEMELLE,[**] Senior
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

Defendant-Appellant John Sears appeals the district court's order affirming the magistrate judge's finding that Sears was guilty of violating two National Park Service regulations. We affirm.

1. Sears's actions were not excused by the defense of necessity. In order to prevail on his necessity defense, Sears had to show (among other things) that he broke the law in order to "prevent imminent harm." *United States v. Perdomo-Espana*, 522 F.3d 983, 987 (9th Cir. 2008). Although Sears contends that he would have risked the "life and limb" of both himself and his mules if forced to leave the area where he was sleeping, the evidence undermines Sears's claim that leaving would have been unduly dangerous. Although it was dark, Sears had a flashlight. Furthermore, the path to the equestrian-based campsite was along the administrative road, not some untamed part of the wilderness.

Sears also failed to show that "there were no other legal alternatives to violating the law." *Id.* at 988. Sears had a clear legal alternative: he could have asked the rangers for assistance. The rangers could have accompanied Sears to the equestrian campsite, ensuring that he arrived unharmed. Depending on the equipment they had available, the rangers may have been able to transport Sears and his mules to the equestrian campsite or off national park property. We do

know, based on what happened after Sears's arrest, that the rangers had access to a vehicle capable of transporting Sears's mules.

2.	Sears's contention that the camping regulation contains a mens rea element also fails. While this Court maintains a "predilection towards reading an intent element into regulations," this proclivity applies only "where the[] [regulation's] language remotely suggested it." *United States v. Bibbins*, 637 F.3d 1087, 1092 (9th Cir. 2011) (quoting *United States v. Kent*, 945 F.2d 1441, 1446 (9th Cir. 1991)). The regulation at issue here — which prohibits "[c]amping outside of designated sites or areas" — has no such language suggesting a required mental state. The absence of language suggesting a mens rea therefore makes this case more like *Kent*, 945 F.2d 1441, and *United States v. Wilson*, 438 F.2d 525 (9th Cir. 1971) (construing National Forest Service regulations as having no mens rea) than *Bibbins*, 637 F.3d 1087, *United States v. Semenza*, 835 F.2d 223 (9th Cir. 1987), and *United States v. Launder*, 743 F.2d 686 (9th Cir. 1984) (interpreting National Forest Service regulations as containing a mental state requirement).

3.	Sears contends that his conviction violates due process, essentially because there are too many federal regulations for him to be expected to know that his conduct was unlawful. It is a longstanding principle of criminal law "that

ignorance of the law is no defense." *United States v. Int'l Minerals & Chem. Corp.*, 402 U.S. 558, 563 (1971).

4. Even assuming there is a constitutional right to intrastate travel, the camping regulation at issue here does not violate it. The purpose of the constitutionally protected right to travel is to "protect[] . . . travelers against two sets of burdens: 'the erection of actual barriers to int[ra]state movement' and 'being treated differently' from [other] travelers." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 277 (1993) (quoting *Zobel v. William*s, 457 U.S. 55, 60 n.6 (1982)). The camping regulation does not implicate either of these concerns. The regulation only prohibits *camping* outside of designated areas; it does not prohibit traveling through national park areas. Furthermore, the regulation does not discriminate among different types of people, as it applies broadly to anyone who visits national park land.

5. Sears's convictions do not violate the Sixth Amendment right to a jury trial. Because the maximum sentence of imprisonment for Sears was six months, his offenses were presumptively petty. *United States v. Nachtigal*, 507 U.S. 1, 3 (1993). Any argument that the additional penalties associated with his offenses are so severe as to transform Sears's convictions into "serious" ones is foreclosed by

*Nachitgal*, which held that the jury trial right did not apply to an almost identical

punishment scheme.  507 U.S. 1.

**AFFIRMED.**