Shanon SHEFFIELD, Plaintiff,

v.

HILLTOP SAND & GRAVEL CO., INC., Defendant.

No. 3:95–CV–148.

United States District Court,
E.D. Virginia,
Richmond Division.

Aug. 15, 1995.

Carolyn Pullin Carpenter, Carol Doris Woodward, Eileen N. Wagner, Carpenter, Woodward & Wagner, Richmond, VA, for plaintiff.

Daryl Eugene Webb, Jr., David Edward Constine, III, Mays and Valentine, Richmond, VA, and Cynthia Ann Foulk, Mays and Valentine, Alexandria, VA, for defendants Hilltop Sand and Gravel, a/k/a Pilot's Wharf Restaurant, and Clemens S. Gailliot, Jr.

Herman Aubrey Ford, III, Cantor, Arkema & Edmonds, Richmond, VA, for defendant James Bambery.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, Senior District Judge.

This matter is before the Court on the plaintiff's Motion in Limine, and on the defendant's corresponding Motion for Leave to Present Evidence Under Rule 412 of the Federal Rules of Evidence.[1] For the reasons set forth below, the Court grants plaintiff's motion. Additionally, defendant's motion is granted in part and denied in part.

### I. Factual Background

At all times relevant to this action, defendant Hilltop Sand and Gravel Company was the owner of Pilot's Wharf Restaurant in Coles Point, Virginia. James Bambery was the restaurant's manager and most senior employee.

In 1990, plaintiff Shanon Sheffield began work as a waitress, bartender, cashier and cook for Pilot's Wharf. According to the plaintiff, Bambery repeatedly made sexually suggestive comments and gestures that were directed towards her. In particular, Bambery would place a food item such as a hot dog, cucumber, or roll of ground beef between his legs and make offensive remarks. The plaintiff claims that when she com-

---

1. During oral argument, defense counsel mistakenly interpreted this Court's Order of July 31, 1995 as granting defendant's Motion for leave to present evidence pursuant to Rule 412. In reality, the Court granted defendant's motion that its response to plaintiff's motion in limine be considered as a motion for leave to present evidence under Rule 412. Clearly, this Court could not rule on the admissibility of the evidence proffered by the defendant without having had an opportunity to review such evidence. Moreover, the July 31 Order explicitly stated that the Court would conduct an *in camera* hearing to determine whether the disputed evidence was admissible under Rule 412.

plained about the treatment she received from Bambery, she was told that she was lucky to have her job. Further, the plaintiff contends that when she reacted negatively to Bambery's sexually suggestive actions, Bambery assigned her extra duty or criticized her work.

The plaintiff originally sued Hilltop, Bambery, Clemens Gailliot, the Hilltop representative ultimately responsible for the management of Pilot's Wharf, and Lee Arnest, one of the restaurant's regular customers. In addition to asserting various state law claims, the plaintiff claimed that she had been subjected to *quid pro quo* and hostile work environment sexual harassment in violation of Title VII of the Civil Rights Act of 1964. Later, the plaintiff voluntarily dismissed the individual defendants and filed an Amended Complaint that contained only the Title VII claims.

On July 12, 1995, the plaintiff filed a motion in limine to exclude "all testimony and/or exhibits which pertain to her sexual history with persons other than James Bambery." Mot. in Limine at 1. Specifically, the plaintiff sought to exclude evidence regarding her purported reaction to, and participation in, sexually explicit discussions with her coworkers. Responding to plaintiff's motion, the defendant submitted a statement of facts that summarized the testimony of several witnesses the defendant planned to introduce at trial. If this Court deemed such evidence to be governed by Rule 412 of the Federal Rules of Evidence, the defendant requested that its response be considered as a motion under Rule 412 to present such evidence at trial.

The plaintiff subsequently moved to strike defendant's Rule 412 motion on the grounds that the defendant had not filed its motion under seal as required by Rule 412(c). The plaintiff further moved that all documents concerning defendant's motion be placed under seal. At oral argument on July 28, 1995, defense counsel candidly admitted that defendant had not complied with the procedures set forth in Rule 412(c). Accordingly, the defendant also moved to place its Rule 412 motion and all pertinent documents under seal.

By Order dated July 31, 1995, this Court granted the parties' motions to place all documents relating to defendant's Rule 412 motion under seal. In addition, the Court granted defendant's motion that its response to plaintiff's motion in limine be considered as a motion to present evidence under Rule 412. Finally, the Court continued plaintiff's motion in limine and defendant's corresponding Rule 412 motion until August 9, 1995. On that date, the Court conducted an *in camera* hearing to determine whether the disputed evidence was admissible under Rule 412.

## II. *Discussion*

### A. *Applicability of Rule 412*

■ As an initial matter, the parties debate whether Rule 412 is applicable to the present case. This rule, which is more commonly referred to as the "rape shield law," was enacted in 1978 to protect rape victims from humiliating and excessive cross-examination with regard to their past sexual behavior. Originally limited to criminal rape cases, Rule 412 was later extended to govern all criminal sex offense cases. Act of Nov. 18, 1988, Pub.L. 100–690, Title VII, § 7046(a), 102 Stat. 4400; *see also* 10 James Wm. Moore *et al.*, *Moore's Federal Practice* ¶ 412.02 (2d ed. 1995).

Effective December 1, 1994, Congress enacted substantial changes to Rule 412. Act of Sept. 13, 1994, Pub.L. 103–322, Title IV, § 40141(b), 108 Stat. 1919. In essence, Rule 412 was revised so that it applies to all criminal and civil cases involving sexual misconduct, without regard to whether the alleged victim or person accused is a party to the litigation. Additionally, Rule 412(c) was amended to establish specific procedures for determining the admissibility of evidence governed by the rule. *See* Fed.R.Evid. 412 Advisory Committee's Note to 1994 Amendment ("Advisory Committee Note").

In its present incarnation, Rule 412 states that certain kinds of evidence are generally inadmissible in any civil or criminal proceeding involving alleged sexual misconduct. First, Rule 412 bars the admission of evidence "offered to prove that any alleged victim engaged in other sexual behavior."

Fed.R.Evid. 412(a)(1). "Sexual behavior" includes all activities, other than those "intrinsic" to the alleged misconduct, that involve sexual intercourse or sexual contact, or that imply such physical conduct. *See* Advisory Committee Note. Second, Rule 412 precludes the introduction of evidence "offered to prove any alleged victim's sexual predisposition." Fed.R.Evid. 412(a)(2). This provision is designed to exclude evidence "relating to the alleged victim's mode of dress, speech, or lifestyle," and other evidence that "does not directly refer to sexual activities or thoughts, but that the proponent believes may have a sexual connotation for the factfinder." *See* Advisory Committee Note.

In civil cases, evidence offered to prove the sexual behavior or predisposition of any alleged victim of sexual misconduct may be admitted if its proponent satisfies the "balancing test" articulated in Rule 412(b)(2). The proponent must demonstrate: (1) that the proffered evidence is otherwise admissible under the Federal Rules of Evidence; and (2) that its probative value "substantially outweighs the danger of harm to the victim and of unfair prejudice to any party." Fed. R.Evid. 412(b)(2). Additionally, the rule specifies that evidence of an alleged victim's reputation is admissible only if it has been placed in controversy by the victim. *Id.*

■ Finally, Rule 412(c) dictates what procedures must be followed in order to determine the admissibility of evidence proffered under the rule. Where a party seeks to introduce evidence offered to prove the sexual behavior or predisposition of an alleged victim of sexual misconduct,[2] the party must file a written motion at least 14 days before trial that specifically describes the evidence and states the purpose for which it is offered. Fed.R.Evid. 412(c)(1)(A). The party must serve the motion on all parties and notify the alleged victim or, when appropriate, the alleged victim's guardian or representative. Fed.R.Evid. 412(c)(1)(B). Before admitting evidence under Rule 412, the trial court must conduct an *in camera* hearing and afford the victim and parties a right to attend and be heard. Fed.R.Evid. 412(c)(2). Finally, a motion to present evidence under Rule 412, along with any related papers and the record of the *in camera* hearing, must be placed under seal unless otherwise ordered by the court. *Id.*

In arguing that Rule 412 is inapplicable to plaintiff's present motion in limine, the defendant contends that the proffered evidence concerns the extent to which the plaintiff was involved in sexually explicit discussions in the workplace. According to the defendant, such evidence does not seek to prove that the plaintiff engaged in certain "sexual behavior," or that she had a "predisposition" to participate in such conduct; rather, such evidence indicates only that Bambery's actions towards the plaintiff were not "unwelcome." Thus, the defendant concludes that Rule 412 does not govern the disputed evidence, which must be evaluated under the balancing test set forth in Rule 403.

This Court disagrees. Most of the evidence that the defendant seeks to introduce is testimony that the plaintiff described to co-workers her sexual relations with her husband. Clearly, such evidence implies that the plaintiff engaged in sexual intercourse or other physical conduct. Moreover, the defendant proffers testimony that the plaintiff, in addition to discussing her sex life, used "vulgar" language in the workplace. Evidence relating to the plaintiff's speech is certainly evidence offered to prove an alleged victim's "sexual predisposition." The Court therefore finds that the disputed evidence endeavors to establish the plaintiff's sexual behavior and her predisposition to engage in such conduct. Accordingly, Rule 412 must govern the admissibility of such evidence.

---

**2.** The Court recognizes that the Advisory Committee Note suggests that the procedures set forth in subdivision (c) do not apply to discovery of a victim's past sexual conduct or predisposition in civil cases. *See* Advisory Committee Note. The plain meaning of subdivision (c), however, unambiguously states that it applies to "a party intending to offer evidence under subdivision (b)." Fed.R.Evid. 412(c)(1). Since subdivision (b) encompasses exceptions in both criminal and civil cases, this Court finds that the provisions articulated in subdivision (c) must apply in civil cases. Indeed, as previously indicated, the defendant has conceded that subdivision (c) governs its present motion, and that defendant violated the procedures set forth therein.

Furthermore, the application of Rule 412 to the present motions is consistent with Congress' intention that the rule be invoked in sexual harassment cases. The Advisory Committee's Note to the 1994 amendments explicitly states that Rule 412 applies "in any civil case in which a person claims to be the victim of sexual misconduct, such as actions for sexual battery or sexual harassment." *See* Advisory Committee Note. In addition, the Note explains that a balancing test must be employed in civil cases because "[g]reater flexibility is needed to accommodate evolving causes of action such as claims for sexual harassment." *Id.* Thus, this case falls squarely within a category of cases that is governed by Rule 412.

B. *Whether the Proffered Evidence Is Admissible Under Rule 412*

The defendant seeks to introduce the testimony of James Bambery and of several other Pilot's Wharf employees that the plaintiff frequently participated in sexually provocative discussions and activities that took place at the restaurant. The plaintiff acknowledges that Bambery's testimony is admissible because it goes toward the issue of whether the plaintiff "welcomed" his sexually suggestive antics. The plaintiff moves, however, to exclude the other employees' testimony. According to the plaintiff, such evidence is irrelevant to this lawsuit, which concerns only the relationship between the plaintiff and Bambery, and would unfairly prejudice the plaintiff.

 This Court need not even reach the issue of whether the proffered evidence, apart from Bambery's testimony, is admissible under Rule 412. While such evidence might be relevant for the reasons advanced by the defendant, the Court chooses instead to sanction the defendant for its callous disregard of the procedural safeguards articulated in Rule 412(c). The overarching purpose of Rule 412, and of the procedures outlined in subdivision (c), is to protect alleged victims against "the invasion of privacy, potential embarrassment, and sexual stereotyping that is associated with public disclosure of intimate sexual details." *See* Advisory Committee Note. By ignoring the express requirements of Rule 412(c), the defendant frustrated Rule 412's objectives and presumptively inflicted harm upon the plaintiff.

The defendant has acknowledged that it was aware of the procedures set forth in Rule 412(c) when it filed its present motion. After all, defendant's motion specified that it was being filed 14 days before trial, in accordance with subdivision (c). Nevertheless, the defendant thoughtlessly filed the motion, along with a statement of facts that described with particularity the evidence it sought to introduce, without requesting that these documents be placed under seal. These sensitive materials automatically became a matter of public record, such that anyone could disseminate the contents of defendant's motion—and invade the plaintiff's privacy—before the Court could determine whether the evidence was admissible in the first place.

Indeed, when the Court during oral argument called the defendant's attention to this oversight, the defendant candidly admitted that it had violated Rule 412(c). The defendant failed, however, to articulate a single reason, let alone a compelling one, for excusing its reprehensible conduct. Because of the strong public policy concerns underlying Rule 412, defendant's flagrant violation of the rule cannot go unpunished.

Thus, while the Court will permit Bambery to testify that the plaintiff participated in sexually provocative discussions and activities in the workplace, it will exclude all other testimony on the issue. Since the plaintiff has narrowly tailored her Amended Complaint so that it focuses solely upon her dealings with Bambery, exclusion of the other employees' testimony will not deprive the defendant of a fair trial. The Court cautions the plaintiff, however, that this ruling will not protect her if she "opens the door" to such evidence by stating unequivocally that she never engaged in such conduct at work. If the plaintiff raises this matter in her case-in-chief, the Court would have no choice but to allow the defendant to put on evidence rebutting the plaintiff's contentions.

### III. *Conclusion*

For the foregoing reasons, the Court will admit the testimony of James Bambery, but will exclude the remainder of the proffered evidence. Accordingly, plaintiff's Motion in Limine is granted, while defendant's Motion to Present Evidence Under Rule 412 is granted in part and denied in part.