**Sheri Lynne BIGGS, Plaintiff,**

v.

**The NICEWONGER CO., INC., a foreign corporation, and Mark Taylor, an individual, Defendants.**

Civ. No. 93–1500–FR.

United States District Court,
D. Oregon.

Sept. 19, 1995.

Emilio F. Bandiero, Eugene, OR, for plaintiff.

Donald A. Greig, Landerholm, Memovich, Lansverk & Whitesides, Inc., P.S., Vancouver, WA, for defendants.

## OPINION AND ORDER

FRYE, District Judge:

The matters before the court are (1) the plaintiff's motion in limine regarding evi-

dence offered to prove any alleged victim's sexual predisposition (# 27); (2) the plaintiff's motion in limine regarding criminal conviction of plaintiff (# 35); (3) the defendants' motion for order permitting introduction of evidence pursuant to Evidence Rule 412(c)(1) (# 38); and (4) the defendants' motion in limine to exclude irrelevant prejudicial evidence (# 39).

## BACKGROUND

The plaintiff, Sheri Lynne Biggs, brings claims under Title VII for sexual harassment and retaliatory discharge and a claim under the laws of the State of Oregon for the intentional infliction of emotional distress. Her claim under Title VII is premised upon an allegedly hostile work environment created by the offensive behavior and sexually suggestive comments of her supervisor, the defendant, Mark Taylor, vice president of the defendant, The Nicewonger Co., Inc. (Nicewonger). Sheri Biggs worked as a commissioned sales representative for Nicewonger from August 10, 1991 through June 15, 1992. She alleges that she was discharged for complaining about Taylor's offensive behavior and sexually suggestive comments.

The defendants contend that Biggs decided to stop making sales calls and was terminated as a result of that decision.

## DISCUSSION AND RULING

1. *Plaintiff's Motion in Limine Regarding Evidence Offered to Prove any Alleged Victim's Sexual Predisposition*

Biggs moves the court for an order excluding evidence of the sexual predisposition of any victim of sexual harassment on the basis of Rule 412 of the Federal Rules of Evidence. Rule 412 of the Federal Rules of Evidence applies to claims under Title VII for sexual harassment and precludes evidence of the alleged victim's sexual predisposition unless the evidence is otherwise admissible and "its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." Fed.R.Evid. 412(b)(2).

The defendants state that they do not expect to introduce evidence that falls within the prohibition of Rule 412, but that in the event that Biggs introduces evidence that Stevens sexually harassed Dianna (Kuhn) Hill, the court should permit them to introduce the complete facts and circumstances involved in the complaint of sexual harassment made by Kuhn in January of 1992 and the subsequent investigation and remedial action taken by Nicewonger.

In their response to the motion of Biggs to exclude evidence of the sexual predisposition of any victim of sexual harassment, the defendants argue that:

> Management of The Nicewonger Company, Inc., investigated Ms. Kuhn's complaint and counseled Mr. Stevens and required that he write a letter of apology to Ms. Kuhn. It was the opinion of management that Ms. Kuhn had somewhat invited the problem by her mode of dress, and she too was counseled to wear more conservative apparel. . . .
>
> . . . .
>
> The probative value of the employer's investigation of Ms. Kuhn's complaint of sexual harassment, its actions taken with respect to Mr. Stevens, and subsequent counseling of Ms. Kuhn to wear more conservative dress is high. It demonstrates that The Nicewonger Company, Inc., does not ignore complaints of sexual harassment; that it investigates such complaints; and that it takes appropriate remedial action.

Defendants' Response to Plaintiff's Motion in Limine Regarding Alleged Victims Sexual Predisposition, pp. 2–3.

This court, applying the prohibition of Rule 412, will prohibit evidence of unrelated sexual behavior or sexual predisposition. In the event that Biggs introduces evidence that Stevens sexually harassed Kuhn, evidence of the responses to and the actions taken by Nicewonger to the complaints of Kuhn is relevant evidence. However, specific rulings as to the admissibility of evidence cannot be made at this stage in the proceedings.

Biggs' motion in limine regarding evidence offered to prove any alleged victim's sexual predisposition is granted to the extent that the defendants should bring any evidence

which could reasonably be construed to fall under Biggs' motion in limine to the attention of Biggs and the court prior to presenting it to the jury.

### 2. Plaintiff's Motion in Limine Regarding Criminal Conviction of Plaintiff

■ Biggs moves the court pursuant to Rule 609(c) of the Federal Rules of Evidence for an order excluding evidence of her prior criminal conduct or her criminal record on the grounds that her conviction for negotiating a check with insufficient funds in the bank to cover that check has been set aside pursuant to O.R.S. 137.225.

The defendants oppose this motion on the grounds that the crime of negotiating a bad check is a crime that involves dishonesty or false statement, and an order setting aside the conviction does not preclude the defendants from using that conviction to impeach Biggs' credibility.

Rule 609(c) of the Federal Rules of Evidence provides:

> Evidence of a conviction is not admissible under this rule if (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted, and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year; or (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence.

There is no evidence in this record of a "finding of rehabilitation" or a "finding of innocence" Rule 609(c). Consequently, Rule 609(c) does not preclude the introduction of evidence of Biggs' criminal conviction.

Biggs' motion in limine regarding criminal conviction of plaintiff is denied.

### 3. Defendants' Motion for Order Permitting Introduction of Evidence Pursuant to Evidence Rule 412(c)(1)

The court has already ruled that, in the event that Biggs introduces evidence of sexual harassment of Kuhn by Stevens, evidence of the responses to and the actions taken by Nicewonger to the complaints of Kuhn is relevant evidence. The court will not anticipate the admissibility of specific evidence at this stage in the proceedings.

### 4. Defendants' Motion in Limine to Exclude Irrelevant Prejudicial Evidence

■ The defendants move the court for an order precluding Biggs from offering evidence of acts of sexual harassment or discrimination not witnessed by Biggs or related to her during her employment on the grounds that such evidence is irrelevant and prejudicial. In the event that Biggs introduces evidence of the sexual harassment of Kuhn by Stevens, the defendants argue that the court should permit them to introduce the complete facts and circumstances involved in the complaint of sexual harassment made by Kuhn in January of 1992 and the subsequent investigation and remedial action taken by Nicewonger.

■ In her complaint, Biggs alleges that the acts of her supervisor, the defendant, Mark Taylor, created a sexually offensive and hostile work environment. Under Title VII, employers are liable for failing to prevent or to remedy a hostile or offensive work environment of which management-level employees know, or in the exercise of reasonable care should have known. *Nichols v. Frank,* 42 F.3d 503 (9th Cir.1994). In *Dias v. Sky Chefs, Inc.,* 919 F.2d 1370, 1377 (9th Cir.1990), the United States Court of Appeals for the Ninth Circuit found that it was within this court's discretion to "exclude the testimony by Dias of incidents of sexual discrimination not witnessed by her or not related to her while she was on the job."

Evidence as to alleged incidents of sexual harassment to which Biggs had knowledge is admissible. However, evidence relating to alleged incidents of sexual harassment not witnessed by Biggs or not related to her while she was on the job are not relevant to prove a hostile work environment in this case.

### CONCLUSION

The court rules as follows:

(1) The plaintiff's motion in limine regarding evidence offered to prove any alleged victim's sexual predisposition (# 27) is GRANTED to the extent that the defendants should bring any evidence which could reasonably be construed to fall into under Rule 412 to the attention of the plaintiff and the court prior to bringing it to the attention of the jury.

(2) The plaintiff's motion in limine regarding criminal conviction of plaintiff (# 35) is DENIED.

(3) The defendants' motion for order permitting introduction of evidence pursuant to Evidence Rule 412(c)(1) (# 38) is MOOT as addressed in the prior order of the court.

(4) The defendants' motion in limine to exclude irrelevant prejudicial evidence (# 39) is GRANTED to the extent that evidence relating to alleged incidents of sexual harassment not witnessed by the plaintiff or not related to her while she was on the job may not be introduced without prior permission of the court to introduce such evidence.

IT IS SO ORDERED.