**Sheri Lynne BIGGS, Plaintiff,**

v.

**The NICEWONGER CO., INC., a foreign corporation, and Mark Taylor, an individual, Defendants.**

**Civ. No. 93–1500–FR.**

United States District Court,
D. Oregon.

Nov. 6, 1995.

Emilio F. Bandiero, Eugene, Oregon, for Plaintiff.

Donald A. Greig, Landerholm, Memovich, Lansverk & Whitesides, Inc., P.S., Vancouver, Washington, for Defendants.

## OPINION AND ORDER

FRYE, District Judge:

The matter before the court is the discovery motion of the defendants, The Nicewonger Co., Inc. and Mark Taylor (# 44).

## BACKGROUND

The plaintiff, Sheri Lynne Biggs, brings a claim against the defendants under Title VII for sexual harassment and retaliatory discharge and a claim under the laws of the State of Oregon for the intentional infliction of emotional distress. Biggs' claim under Title VII is premised upon an allegedly hostile work environment created by the offensive behavior and sexually suggestive comments of her supervisor, the defendant, Mark Taylor, vice president of the defendant, The Nicewonger Co., Inc. (Nicewonger).

Sheri Biggs alleges that she worked as a commissioned sales representative for Nicewonger from August 10, 1991 through June 15, 1992, and that she was discharged for complaining about the offensive behavior and sexually suggestive comments of the defendant, Mark Taylor. The defendants deny the allegations and contend that Biggs decided to stop making sales calls and was therefore terminated.

By Opinion and Order dated September 19, 1995, 897 F.Supp. 483, this court ruled, *inter alia,* that if Biggs has been convicted of the crime of negotiating a bad check, this fact may be used to impeach her pursuant to Rule 609(c) of the Federal Rules of Evidence.

The defendants move the court for an order requiring Biggs to be deposed on the following subjects: (1) her criminal conviction; and (2) her employment history since May 10, 1994.

## DISCUSSION AND RULINGS

1. *Deposition Regarding Criminal Conviction*

■ The defendants argue that since Biggs' conviction of the crime of negotiating a bad check has been "set aside" pursuant to O.R.S. 137.225, and since no record of her conviction is available to the defendants to use as impeachment evidence at the time of trial, the court should order Biggs to be deposed on the subject of her prior criminal conviction. Defendants argue that this is a way to obtain the information that the court has ruled may be used for the purpose of impeachment.

Biggs argues that the defendants had an opportunity at the time that her deposition was taken on May 10, 1994 to ask questions about any criminal convictions. Biggs contends that she will answer any question regarding any criminal convictions at the time of trial if the court so rules, but that she should not be subjected to further inquiry now because of the failure of the defendants to inquire into this subject when her deposition was taken on May 10, 1994.

The motion of the defendants to depose Biggs on the limited issue of prior criminal convictions, if any, is granted.

2. *Deposition Regarding Employment History*

■ The defendants move the court for an order requiring Biggs to be deposed on the issue of her employment history after May 10, 1994. At the time of the taking of her deposition, Biggs was working as a commissioned sales representative for American Sharecom, a provider of long distance telephone services. On September 21, 1995, during the taking of the deposition of an economist, Dr. Nelson Crick, who is expected to testify regarding Biggs' claim for lost wages, the defendants learned that Biggs was no longer employed by American Sharecom, and apparently had not been employed by American Sharecom at all since December of 1994.

The defendants seek to depose Biggs as to her recent employment history in order to be able to respond to Biggs' allegation that she has sustained lost future earnings in excess of $440,000.

Biggs argues that counsel for the defendants has not conferred, as required by L.R. 230–2, regarding Biggs' recent employment

history, and that the court should thus decline to consider this portion of the defendants' motion.

Based upon the affidavit of counsel for Biggs and a lack of any evidence of the defendants' compliance with L.R. 230–2, the motion of the defendants to take the deposition of Biggs as to her employment history is denied.

## CONCLUSION

IT IS HEREBY ORDERED that the defendants' discovery motion (# 44) is GRANTED as it relates to testimony regarding Biggs' criminal conviction and DENIED as to Biggs' employment history.