Jeffrey W. BLACKMON, Plaintiff,

v.

Major Norman BUCKNER and Deputy Chief William Romeril, Defendants.

No. IP 93–1124–C H/G.

United States District Court,
S.D. Indiana,
Indianapolis Division.

May 28, 1996.

Jeffrey W. Blackmon, pro se, Pendleton, Indiana.

Cynthia S. Rose, York, Schrager, Baxter, James & Rose, Indianapolis, Indiana, for plaintiff.

Daniel P. Byron, McHale, Cook & Welch, Indianapolis, Indiana, and John C. Ruckelshaus, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, Indiana, for defendants.

## ORDER ON DEFENDANTS' MOTION TO ADMIT EVIDENCE PURSUANT TO RULE 412

HAMILTON, District Judge.

Plaintiff Jeffrey Blackmon alleges that he was sexually assaulted in the Marion County Jail by several other inmates on November 7, 1992. Blackmon has sued two jail officials, alleging that they violated his constitutional rights by acting with deliberate indifference to the threat the other inmates posed to him. The defendants deny that they acted with deliberate indifference in any event, but they also contend that the alleged sexual encounter either did not occur at all or was a consensual encounter rather than an assault. Defendants have filed a timely motion under Fed.R.Evid. 412(c) seeking permission to admit certain evidence of other sexual conduct by plaintiff Blackmon. Pursuant to Rule 412(c)(2), the court conducted an *in camera* hearing on May 24, 1996. As explained below, the court finds that some of the proffered evidence is admissible, some does not appear to be admissible, and the admissibility of some evidence cannot be determined until incarcerated witnesses are actually present to testify at what will be a continuation of the Rule 412 hearing. The court must point out that its rulings that certain items of evidence are not admissible must remain conditional because the plaintiff could open the door at trial to make some of this evidence admissible. See, *e.g., Biggs v. Nicewonger Co., Inc.,* 897 F.Supp. 483, 484–85 (D.Ore.1995) (postponing Rule 412 rulings on specific items of evidence); *Sheffield v. Hilltop Sand & Gravel Co., Inc.,* 895 F.Supp. 105, 109 (E.D.Va. 1995) (recognizing party could open door to evidence otherwise excluded under Rule 412).

Rule 412, as amended in 1994, provides that in both civil and criminal proceedings "involving alleged sexual misconduct," evidence that an alleged victim engaged in "other sexual behavior" or evidence of the alleged victim's "sexual predisposition" must satisfy the rule's standards applied under the rule's special procedures. In this civil case, the applicable standard is set forth in Rule 412(b)(2):

> In a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Evidence of an alleged victim's reputation is admissible only if it has been placed in controversy by the alleged victim.

This standard reverses the burden usually applied under Rule 403 and imposes a more stringent standard by requiring that probative value "substantially" outweigh danger of harm to the victim or unfair prejudice to another party. The Advisory Committee Notes to the 1994 amendment to Rule 412 explain that: "The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infu-

sion of sexual innuendo into the factfinding process."

■ In civil cases like this one, the rule by no means prohibits evidence of the alleged victim's sexual conduct or sexual predisposition, for such evidence may be highly relevant in many civil cases. Instead, the rule requires courts to consider precisely the potential relevance of such evidence and to prevent its use for purposes of exploiting stereotypes or subjecting a party or witness to gratuitous embarrassment and invasion of privacy. See *Alberts v. Wickes Lumber Co.,* 1995 WL 117886 at *2 (N.D.Ill. Mar. 15, 1995) (analyzing arguments of relevance in detail). The rule also requires parties intending to offer such evidence to provide prior notice so that courts may undertake this analysis before such evidence is mentioned or presented to the jury. As noted above, however, it will not always be possible for a court to make a definitive ruling before trial because the balancing of probative value against harm and unfair prejudice required under Rule 412(b)(2) may be affected by the course of the trial.

Defendants in this case have proffered evidence of several different items. First, they seek to offer evidence that plaintiff is homosexual. Plaintiff does not dispute either that fact or its admissibility. The court will therefore not consider that matter further under Rule 412.

■ Second, defendants have identified evidence of two homosexual relationships that Blackmon had before he was confined in the Marion County Jail. Blackmon Dep. at 27–29. On the record at this time, this evidence does not satisfy even ordinary standards of relevance, let alone the more stringent standard of Rule 412(b)(2). Defendants' motion is therefore denied with respect to the relationships mentioned at pages 27–29 of Blackmon's deposition.

■ Third, defendants have included in their proffer evidence that plaintiff was involved in a consensual homosexual relationship in the state correctional facility where he has been confined since his 1993 conviction for murder. Defendants have not pursued this matter specifically at the hearing.

This evidence is obviously irrelevant and does not satisfy the more stringent standard of Rule 412(b)(2).

Fourth, defendants wish to offer evidence to the effect that plaintiff sexually "teased" other jail inmates, including some of the black inmates who, he alleges, sexually assaulted him. One inmate is expected to testify, for example, that he had seen plaintiff wiggle his hips at some black inmates, saying words to the effect: "You wouldn't hurt this poor little white boy, would you?" Plaintiff points out correctly that sexually provocative "teasing" does not amount to an invitation for a violent and coercive sexual assault. Cf. *McGill v. Duckworth,* 944 F.2d 344, 354 (7th Cir.1991) (Cudahy, J., dissenting in part) (under state negligence law, vulnerable prisoner did not voluntarily incur risk of rape by proceeding to showers when he was followed by prisoner he perceived as threat).

■ That point does not resolve the issue here, however. Plaintiff's claim here is not against the inmates who allegedly assaulted him, but against jail officials who, he alleges, acted with deliberate indifference to a significant danger to him. If plaintiff can prove that he was in fact sexually assaulted by other inmates, the central issue in this case will be whether he can also show that the defendants had sufficient notice of the risk to him to prove deliberate indifference to that risk. See *Farmer v. Brennan,* 511 U.S. 825, ——–——, 114 S.Ct. 1970, 1981–82, 128 L.Ed.2d 811 (1994). Plaintiff has made it clear that he intends to offer evidence that he was a "mark" or "target" of other inmates for sexual taunting and harassment, and presumably that defendants had sufficient notice of this activity to make it more likely that they acted with deliberate indifference to the risk to plaintiff. Assuming, as plaintiff contends, that plaintiff's own evidence that he was a mark or target of sexual taunting and harassment is relevant in this case, defendants are entitled to try to rebut that evidence with evidence that plaintiff himself was engaging in sexual teasing and taunting. This evidence concerns a matter that plaintiff himself has put in dispute. The probative value of that evidence of plaintiff's alleged "teasing" and "taunting" substantially out-

weighs the danger of harm and unfair prejudice to plaintiff. See *Alberts v. Wickes Lumber Co.,* 1995 WL 117886 at *5 (evidence of victim's sexual relationships after alleged assault were held admissible where effects on such relationships were part of plaintiff's damage claims; to allow plaintiff "to use these alleged experiences as evidence of her damages, but at the same time deny [defendant] the opportunity to prove that these claims are not true, would be to turn the rape 'shield' law into a sword solely for the plaintiff's benefit"). Defendants' motion under Rule 412 is therefore granted with respect to alleged sexual teasing and taunting in the Marion County Jail.

Fifth, defendants seek to offer evidence that plaintiff was involved in a homosexual relationship with another inmate in Cellblock 2–U for several months ending three weeks or so before the alleged assault. Plaintiff admitted the relationship in his deposition testimony. The relationship ended when plaintiff's sexual partner was transferred out of the cellblock as a disciplinary measure for possession of contraband. Plaintiff wrote a letter about the situation to defendant Major Norman Buckner on October 21, 1992. In that letter, plaintiff argued that the other inmate was not responsible for the contraband and asked that the inmate be returned to Cellblock 2–U. Plaintiff wrote that the other inmate "is an interest to me and my family," a reference that Buckner interprets as a reference to plaintiff's homosexual relationship with the other inmate. Buckner did not take any action to return the other inmate to Cellblock 2–U. Less than three weeks after plaintiff wrote his letter to defendant Buckner, plaintiff made his claim that six other inmates had sexually assaulted him.

■ Defendants contend that the evidence of plaintiff's relationship with this other jail inmate is relevant here because it shows that plaintiff Blackmon had a motive to make a false claim against defendant Buckner. The court finds that the probative value of this evidence substantially outweighs any possible harm or unfair prejudice to plaintiff Blackmon. Several factors are important to the court's finding. As noted, there is no doubt

that the relationship took place or that it played a part in plaintiff's communications with defendant Buckner. This situation also arose very close in time to the events in dispute in this case. Defendants are entitled to make reasonable attacks on plaintiff's credibility. If Blackmon and Buckner had had another very recent dispute about some other topic, one not subject to Rule 412, Buckner would be able to offer evidence of that dispute to attack Blackmon's credibility and motives. In context with all the evidence in this case, the challenged evidence could permit (but would certainly not require) an inference that Blackmon resented Buckner's very recent refusal to take action to return Blackmon's sexual partner to the cellblock, and that the resentment could have led Blackmon to lie about facts to support a claim against Buckner personally. The fact that this attack on credibility and motive involves plaintiff's sexual conduct does not prohibit its use. Admitting evidence of this consensual homosexual relationship may be embarrassing to Blackmon, but the details of that relationship will not be pertinent to the purpose for which defendants offer the evidence. Finally, Blackmon has come forward with no evidence of unusual harm or unfair prejudice that might result to him from admission of evidence of the relationship. Defendants' motion under Rule 412 is therefore granted to the extent that defendants may present evidence concerning Blackmon's relationship with the other inmate to the extent relevant to defendants' attack on Blackmon's motives and credibility.

Sixth, at the Rule 412 hearing, defendants have proffered evidence that witness Hicks will testify that he saw plaintiff engaged in oral sex in his cell with a black inmate while another black inmate was present. If this testimony describes the encounter that plaintiff claims was the sexual assault at the core of this case, or if it involved any of the same inmates he alleges assaulted him, the evidence would probably be highly relevant. At the hearing under Rule 412, however, defendants did not call Hicks to testify. Instead, they summarized this evidence through the testimony of the defense investigator who had interviewed Hicks in the state correctional facility where he is confined. On the

present record, the court does not have sufficient information about the time of the alleged incident, the identities of the other inmates involved, or other facts that may be relevant, to make a judgment pursuant to Rule 412(b)(2). Accordingly, when Hicks is present to testify at trial, the court will conduct a supplemental *in camera* hearing with Hicks outside the presence of the jury to determine the permissible scope of Hicks' testimony. Until then, defendants may not mention or refer to this evidence in the presence of the jury without prior leave of court, sought outside the presence of the jury.

Seventh, defendants have offered deposition testimony from Thomas Cota describing several sexual encounters that plaintiff supposedly had in the jail, along with testimony about plaintiff's admissions to Cota concerning these activities and plaintiff's solicitation of other inmates for sexual encounters. The court is not yet prepared to rule on the admissibility of this evidence, but will leave that issue for decision as the trial develops.

### Conclusion

For the reasons explained above, defendants' motion under Rule 412(c) is granted in part and denied in part. Defendants may offer evidence that plaintiff is homosexual; that plaintiff engaged in sexual teasing or taunting at the Marion County Jail; and that plaintiff had a homosexual relationship at the Marion County Jail with the inmate who is the subject of plaintiff's October 21, 1992, letter to defendant Buckner. Without first seeking and obtaining leave of court outside the presence of the jury, however, defendants and their counsel may not mention or refer in the jury's presence to any sexual relationships that plaintiff had before he was in the Marion County Jail or in the state correctional facility where he is confined now, or to expected testimony from witness Hicks about a sexual encounter involving plaintiff and two other inmates.

So ordered.