EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff,

v.

Bryan C. DONOHUE, M.D., P.C. d/b/a
Donohue Cardiology Associates,
Defendant.

and

Moncel Deitz, Plaintiff–Intervenor,

v.

Bryan C. Donohue, M.D., P.C. d/b/a Donohue Cardiology Associates, Bryan C. Donohue, Christopher C. Allen, and Sanjaya A. Saheta, Defendants.

No. 2:09cv1280.

United States District Court,
W.D. Pennsylvania.

Oct. 26, 2010.

---

Jean M. Clickner, Equal Employment Opportunity Commission, Pittsburgh, PA, for Plaintiff.

Christian Bagin, Wienand & Bagin, Pittsburgh, PA, for Plaintiff–Intervenor.

Kathryn M. Kenyon, Pietragallo Gordon Alfano Bosick & Raspanti, LLP, Pamela G. Cochenour, William Pietragallo, II, Pietragallo, Bosick & Gordon, Pittsburgh, PA, for Defendants.

**664**

## MEMORANDUM ORDER

DAVID STEWART CERCONE,
District Judge.

AND NOW, this 26th day of October, 2010, upon due consideration of plaintiff-intervenor Moncel Deitz's motion to quash and the parties' submissions in conjunction therewith, IT IS ORDERED that the motion be, and the same hereby is, granted in part and denied in part. The motion is denied to the extent 1) the subpoena to Heritage Valley Health System is limited in scope to materials reflecting or relating to the positions held by plaintiff-intervenor and her pay rate, work schedule, hours worked (or other work options made available for additional compensation), benefits packages and any comments about why she left the employment of Donohue Cardiology Associates and/or any complaints made by her about her present working conditions or working environment; and 2) the subpoenas to the UPMC entities are limited to (a) human resources or personnel files and electronic communications generated from plaintiff-intervenor applying for or being offered employment and (b) any record of treatment for distress or mental/emotional health during the period of time during which plaintiff-intervenor seeks compensatory and punitive damages. The motion is granted in all other aspects.

Defendants seek to use the authority of the court to compel third parties to produce information. In doing so they have an obligation to use that authority to request information that falls within the scope of legitimate discovery and is relevant to or calculated to lead to evidence bearing on the matters placed at issue. Serving subpoenas that virtually are unlimited in scope and responsive content beyond a connection to plaintiff-intervenor is overly broad. Furthermore, the search for incidents wherein plaintiff did not complain about sexually charged or inappropri-ate behavior in another workplace on any particular occasion is not calculated to lead to discoverable evidence. Consequently, the subpoenas cannot be used to gather such information.

■ Federal Rule of Evidence 412 forbids the admission of the alleged victim's "sexual behavior" or "sexual predisposition" in all proceedings involving alleged sexual misconduct except in very limited circumstances. *B.K.B v. Maui Police Department,* 276 F.3d 1091, 1104 (9th Cir. 2002). "The purpose of the amended rule is 'to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process.' " *Id.* (quoting Advisory Committee Notes).

■ The Rule extends to sexual harassment lawsuits such as the instant action. *See id.* ("Rule 412's coverage extends over sexual harassment lawsuits.") (citing Advisory Committee Notes to 1994 Amendments and collecting cases in support). It draws within its ambit all forms of sexual behavior, including activities of the mind such as fantasies and statements involving sexual behavior or desires. *Id.* (citing Committee Note and *Sheffield v. Hilltop Sand & Gravel Co.,* 895 F.Supp. 105, 108 (E.D.Va.1995) (ruling that "[e]vidence relating to the plaintiff's [allegedly vulgar] speech is certainly evidence offered to prove an alleged victim's 'sexual predisposition' " and is therefore covered by Rule 412)); *see also Socks–Brunot v. Hirschvogel, Inc.,* 184 F.R.D. 113, 118 (S.D.Ohio 1999) (Rule 412 applicable to a Title VII plaintiff's statements to co-workers about a sexual relationship with former supervisor at prior place of employment); *Macklin v. Mendenhall,* 257 F.R.D. 596

(E.D.Cal.2009) (the restrictions reflected in Rule 412 extend to discovery seeking to elicit information from a plaintiff about sexual conduct, history, intentions and/or desires outside the workplace in question).

■ "In a sexual harassment case, evidence offered to prove the plaintiff's sexual predisposition or sexual behavior generally is inadmissible unless its probative value substantially outweighs the danger of harm to the victim and of unfair prejudice to any party." *Fitzpatrick v. QVC, Inc.,* 1999 WL 1215577 (E.D.Pa. Dec. 7, 1999) (citing Fed.R.Evid. 412(a)(2), (b)(2)). Three factors make this balancing test "more stringent" than that required under Rule 403: the burden of persuasion is reversed and placed on the proponent of the evidence to show its admissibility; the evidence's probative value must "substantially outweigh" its prejudicial effect(s); and any harm to the victim is placed on the scale in addition to any prejudice to the parties. *B.K.B.,* 276 F.3d at 1104.

■ Rule 412's limitations extend to various forms of discovery seeking to elicit information falling within its prohibitions. *Macklin,* 257 F.R.D. at 604. The pertinent section of the Committee Notes provides:

> In order not to undermine the rationale of Rule 412, ... courts should enter appropriate orders pursuant to Fed. R.Civ.P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality. Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery. In an action for sexual harassment, for instance, while some evidence of the alleged victim's sexual behavior and/or

predisposition in the workplace may perhaps be relevant, non-workplace conduct will usually be irrelevant.

Notes of Advisory Committee on proposed 1994 amendment, Fed.R.Evid. 412; *Macklin,* 257 F.R.D. at 604. And a number of courts have issued protective orders where a defendant seeks roving discovery in such areas. *See Macklin,* 257 F.R.D. at 601–03 (collecting and analyzing cases issuing protective orders under Rule 26(c) where the information sought fell within the ambit of Rule 412 and/or its underlying policy considerations: *Priest v. Rotary,* 98 F.R.D. 755 (N.D.Cal.1983) (Rule 26(c) protective order issued in pre–1994 case to preclude discovery of detailed information about the plaintiff's sexual history for a period of time well beyond that involved in her employment and reasoning that "[w]ithout such protection from the courts, employees whose intimate lives are unjustifiably and offensively intruded upon in the workplace might face the 'Catch–22' of invoking their statutory remedy only at the risk of enduring further intrusions into irrelevant details of their personal lives in discovery, and, presumably, in open court...."); *Mitchell v. Hutchings,* 116 F.R.D. 481, 484 (D.Utah 1987) (discovery in pre–1994 case seeking depositions of individuals privy to information about the plaintiffs' sex lives, including three individuals who had sexual relations with the plaintiffs and one who had taken sexually suggestive photographs of a plaintiff that had been displayed in the workplace, for the purpose of aiding in the defenses of damages for emotional distress and welcomeness barred under Rule 26(c), with the court reasoning that "evidence relating to the work environment where the alleged sexual harassment took place is obviously relevant, if such conduct was known to [the] defendant [because it] can establish the context of the relationship between plaintiffs and [the defendant] and

may have a bearing on what conduct [he] thought was welcome). At the same time, evidence of sexual conduct which is remote in time or place to plaintiffs' working environment is irrelevant. [The defendant] cannot possibly use evidence of sexual activity of which he was unaware or which is unrelated to the alleged incidents of sexual harassment as evidence to support his defense. Such evidence is also unlikely to lead to the discovery of admissible evidence."); *Barta v. City and County of Honolulu,* 169 F.R.D. 132, 135 (D.Haw. 1996) (inquiry into the plaintiff's off-duty and outside the workplace sexual activity, which did not involve conduct with any of the named defendants, barred under Rule 26(c) because such conduct had no relevance to the sexual harassment claims or applicable defenses, which included "welcomeness" or consent to the behavior as well as issues of causation and damages).

■ Here, defendants explain in general that "to the extent any subsequent employer also engaged in a level of familiarity with Ms. Deitz as to personal matters and she questioned, challenged any actions or did neither is relevant as to whether or not she was made to feel uncomfortable with similar actions at Donohue Cardiology Associates." Defendants' Response (Doc. No. 45) at 2. They further posit that with regard to information potentially possessed by plaintiff's current employer, "Ms. Deitz' credibility as to her actions and more importantly reactions to situations over the years is relevant and defendants are entitled to seek information to impeach her" and "the issue of whether or not the banter and conduct that Plaintiffs allege occurred in this instance was unwelcome is one that is of major importance to Defendants' defense." Defendants' Response (Doc. No. 45) at 7, 8.

Defendants' implicit suggestion that they are entitled to discover whether plaintiff-intervenor has engaged in or been exposed to "banter" involving sexual behavior, desires or innuendo at her current place of employment, and if so, information bearing on her willingness to perpetuate or participate in such behavior and/or her reaction to it, is insidious. What is relevant is plaintiff-intervenor's response to any such behavior while in the employ of defendant Donohue Cardiology Associates, defendants' perception of plaintiff's responses to any such behavior and reaction to such responses and the impact such behavior and responses had on plaintiff-intervenor during the relevant period of time. Seeking to discover evidence about plaintiff's propensity to engage in particular behavior involving sexual conduct, innuendo or desires in other settings, such as her current workplace, is not probative to these issues and amounts to little more than a thinly veiled attempt to generate evidence of propensity or character trait that would be prohibited by Federal Rule of Evidence 404(a). It likewise ignores the relevant and expansive body of case law under Federal Rule of Evidence 412 and Federal Rule of Civil Procedure 26(c) that meaningfully limits both discovery and use of the evidence defendants characterize as workplace "banter." *See e.g. Macklin,* 257 F.R.D. at 605 (Rule 412 and its underlying policies bar discovery seeking to elicit information bearing on the plaintiff's sexual conduct, history, intentions, and/or desires occurring outside the workplace and not involving the named defendants).

Moreover, such discovery lacks logical relevance. Plaintiff-intervenor's rights under Title VII or her ability to seek and recover compensatory damages for the claimed environment cannot be diminished by her tolerance for or reaction to other incidents of inappropriate behavior in another workplace, regardless of whether those incidents were invited or not. As the court observed in *Mitchell:*

Past sexual conduct does not, as defendants would argue, create emotional calluses that lessen the impact of unwelcomed sexual harassment. The fact that the plaintiffs may welcome sexual advances from certain individuals has absolutely no bearing on the emotional trauma they may feel from sexual harassment that is unwelcome. Past sexual conduct does not callous one to subsequent, unwelcomed sexual advancements.

*Mitchell*, 116 F.R.D. at 485. Such reasoning equally is applicable to post-separation sexual conduct. That plaintiff-intervenor may have welcomed or tolerated such behavior on another occasion from one or more other individuals outside the workplace in question does not have a tendency to prove she was receptive or callous to other, unrelated behavior by prior supervisors in a prior workplace.

Similarly, the notion that plaintiff-intervenor's initiation or reaction to such conduct in another workplace is relevant to the issue of emotional damages because sexually promiscuous people are less likely to be offended by such conduct lacks logical appeal. As the United States Court of Appeals for the Second Circuit has opined:

> Whether a sexual advance was welcome, or whether an alleged victim in fact perceived an environment to be sexually offensive, does not turn on the private sexual behavior of the alleged victim, because a woman's expectations about her work environment cannot be said to change depending upon her sexual sophistication.

*Wolak v. Spucci*, 217 F.3d 157, 160 (2d Cir.2000). The same is true for different workplaces. A woman's perception of comments or "banter" on any particular occasion in one workplace does not change based on her perception of some other sexually charged comments or banter made by other individuals in another context and workplace. To so reason is to engage in the fallacy of drawing generalized assumptions based on unproven character traits or reputation. And such reasoning is not sanctioned by the principles embodied in the Federal Rules of Evidence.

Defendants have failed to come forward with a sufficient basis to conclude that the discovery sought as to plaintiff-intervenor's sexual behavior in her post-separation workplace has logical relevance or otherwise will lead to logically relevant evidence having probative value that substantially outweighs the potentially prejudicial and chilling effect that would be produced by permitting such discovery. Consequently, plaintiff-intervenor's motion to quash has been granted to the extent the unbounded subpoenas can be construed as seeking the production of such information.